CASE 81—INDICTMENT FOR BREAKING INTO A SCHOOL HOUSE AND STEALING THEREFROM—DEC. 20.

## Fain, &c. v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

CRIMINAL LAW—FORMER CONVICTION—NEW TRIAL—DISMISSAL—NEW INDICTMENT.

Held: Where a new trial is granted on motion of defendant, and the indictment is then dismissed on motion of the attorney for the Commonwealth, and the case again referred to the grand jury, the former conviction is not a bar to a new indictment for the same offense.

C. C. CALHOUN, ATTORNEY FOR APPELLANTS.

1. The main question to be considered in this case is whether or not, after a trial upon a perfectly valid indictment in a court of competent jurisdiction, and a verdict having been returned, and the penalty fixed, and the granting of a new trial by reason of the fact that the court had misinstructed the jury as to the penalty for the offense, the attorney for the Commonwealth may upon

Fain, &c. v. Commonwealth.

his own motion, without the consent or knowledge of the accused, dismiss the indictment upon which he has been tried and have another indictment brought against him for identically the same state of facts as charged in the first indictment, but charging an entirely different and higher offense without violating the constitutional right of the accused, "that he shall not be twice put in jeopardy of life or limb for the same offense?"

2. I earnestly maintain that such a procedure would be a flagrant and dangerous violation of this sacred right and against not only the letter, but the very soul and spirit of the Constitution.

### AUTHORITIES CITED.

Criminal Code, secs. 269, 270; Bishop's Crim. Procedure, 1 vol., 730; 87 Va., 587, Curtis v. Com.; O'Brien v. Com., 9 Bush., 333; Com. v. Bright, 78 Ky., 338; Williams v. Com., 78 Ky , 93; Cooley's Con. Lim., 337; Gaskell (alias Stegall) v. Com., 17 Ky. Law Rep., 352; Shepherd v. People, 25 N. Y., 406; Bishop's New Crim. Law, secs. 1001 to 1006, and 1043 to 1047.

CLEM J. WHITMORE and R. J. BRECKINRIDGE, ATTORNEY GENERAL, FOR APPELLEE.

1. The appellants were tried on an indictment for breaking into a school house and taking therefrom an organ, the property of Mrs. Wallace, and were convicted and punishment fixed at two years in the penitentiary. Upon their motion a new trial was awarded in the lower court, and the attorney for the Commonwealth dismissed the indictment and re-submitted the case to the grand jury, who returned an indictment against appellants for stealing from a school house. Upon this indictment a trial was had and they were convicted and punishment again fixed at two years in the penitentiary.

2. Upon this state of facts, counsel for appellants claim that his clients were placed in jeopardy on the first trial, and their constitutional rights, therefore, invaded by the second indictment and trial.

3. We claim that the appellants stood in the same position, after a new trial had been granted, that they did before any trial had been had, and their "substantial rights" were in no way affected by the first indictment. 83 Ky., p. 1; Crim. Code, sec. 243; Williams v. Com., 78 Ky., 93; Dilger v. Com., 88 Ky., 550; (16 Ky. Law Rep., 67); Roberson Crim. Law and Procedure, vol. 2, p. 1049; same, vol. 1, p. 73, sec. 50.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The appellants were indicted by the grand jury of Fayette county for unlawfully, forcibly, and feloniously breaking into and entering the schoolhouse of common school district No. 30, and stealing therefrom an organ, the personal property of Mrs. Lizzie Wallace, etc. A trial of the indictment resulted in a conviction. They moved the court for a new trial, which was granted. Numerous reasons were assigned for granting it, but there do not appear from the record the considerations which influenced the court to do so. Subsequently, on motion of the attorney for the Commonwealth, it was ordered that the indictment be quashed, and the cause referred to the grand jury then in session. It returned another indictment, charging them with stealing from a schoolhouse, and in describing the offense the indictment contains language as follows: "That said Joe Fain and Larkin Fain . . . did unlawfully and feloniously break into and take out of and from the schoolhouse of common school district No. 30, of Fayette county, known as the 'Kirklevington School House,' one organ, belonging to and kept in said schoolhouse," etc. It is insisted that the first trial put the appellants in jeopardy, and, therefore, the plea of former conviction should have been sustained in the prosecution under the last indictment. It is no longer an open question in this State that the attorney for the Commonwealth, with the permission of the court, may, before jeopardy attaches, dismiss an indictment against a defendant, and have the grand jury re-indict him. Williams v. Com., 78 Ky., 93. Section 270, Cr. Code Prac., reads as follows: "The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict can not be used or referred to in evidence or in ar-

gument." In Com. v. Arnold, 83 Ky., 1, this court held the Legislature had the right to prescribe the terms upon which one who has been convicted of crime may have a new trial, and that section 270 of the Criminal Code was constitutional, and that, where a new trial is granted to one who has been convicted of manslaughter under an indictment for murder, he is in the same position as if no trial had been had, and may be again tried for murder. Each of the indictments in this case charges the same unlawful acts. In the first, the organ was charged as having belonging to Mrs. Wallace, while in the latter that statement was omitted. The offense was the breaking into and stealing property from a schoolhouse—a statutory offense.

Section 1162, Kentucky Statutes. If the granting of a trial places the parties in the same position as if no trial had been had then the Commonwealth's attorney had the same right to dismiss the indictment, and have another returned, as if no trial had taken place. If a demurrer had been sustained to the indictment after a new trial had been granted, certainly the grand jury could have returned again an indictment against the appellants for the same offense. The former trial would not have been a bar to an indictment so returned, neither is the first trial a bar to the indictment in this case. The Commonwealth's attorney had the same right to dismiss it and have it referred to the grand jury as he would have had if no trial had taken place. In doing this the constitutional rights of the appellants have not been invaded. While counsel for the appellants has presented his views of the law upon this question in a strong, pleasing, and persuasive manner, still we are unable to agree with the views which he expresses. The judgment is affirmed.