## Madisonville, Hartford & Eastern R. R. Co. v. Commonwealth.

(Decided October 13, 1910).

## Appeal from Ohio Circuit Court.

1. An indictment against a railroad company for maintaining a nuisance which charges that the defendant by its track, ties, rails and earth, did for a long and unreasonable time, and for more than three months next before November 18, 1909, continuously, wilfully and unlawfully obstruct the road (naming it) and prevent public travel thereon, and wilfully fail to prepare and maintain public travel thereon, or maintain any reasonable crossings or approaches to its ties, track or rails upon the highway, and so prevented the citizens of the Commonwealth from using

the road at that point, is good, and a demurrer to it was properly overruled.

2.  The allegation that the defendant is a corporation is necessary in an indictment against it for a public offense, and is put in issue by a plea of not guilty. Where a corporation is created by legislative act, the courts will take judicial notice that it is a corporation.

3.  Judicial notice will not be taken of articles of incorporation filed in the office of the Secretary of State, but in view of the rights of railroad companies and the statutes on the subject, it unless the contrary appears, be presumed that a railroad is a corporation.

4.  All the provisions of the Kentucky Statutes regulating railroads are placed in the chapter on private corporations, and only corporations are authorized to condemn land for right of way, depot grounds and the like.

5.  It is universal to incorporate companies to own and operate railroads. A firm cannot well do the business. The court therefore did not err in refusing to instruct the jury peremptorily to find for the defendant on the ground that the prosecution failed to introduce evidence that the defendant was a corporation.

6.  Where the obstruction of a highway occurred within twelve months before the finding of the indictment it is not necessary for the Commonwealth to show that the present prosecution is the continuation of a former one, which had been set aside and re-referred to the grand jury. It is true that those facts were set out in the indictment, but that they were not proven on the trial is wholly immaterial. The fact that another indictment is pending for the same offense is not a defense allowed by the criminal code.

7.  A defendant may show a previous acquittal or conviction of the offense charged in an indictment, but that there is a former indictment pending is not ground of demurrer or a matter that may be pleaded.

GLENN & SIMMERMAN, BENJAMIN D. WARFIELD, and CHAS. H. MOORMAN for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Asst. Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Madisonville, Hartford & Eastern Railway Company was indicted by the grand jury of Ohio county for the offense of maintaining a common nuisance by obstructing a public road. It demurred to the indictment; its demurrer was overruled. Proof was heard. The court overruled its motion to instruct the jury peremp-

torily to find for the defendant; and the case having been submitted to the jury, they found it guilty as charged and fixed its punishment at a fine of $250. From the judgment entered on the verdict, it appeals.

The first question made on the appeal is that the indictment is insufficient, and that the demurrer to it should have been sustained on the ground that the indictment does not show that the county road was obstructed for an unnecessary length of time. The obstruction complained of occurred during the construction of the railroad. In the case of Commonwealth v. Morganfield & Atlanta R. R. Co., 30 R. 1274, we said in substance that the authority conferred upon the railroad to cross highways necessarily includes the right to enter upon the highway and change its grade, and that in doing this, however carefully it may be done, the company must necessarily obstruct the highway for a while; but it is bound to repair and replace the highway in a suitable state for travel with no more delay than is necessary; that it is liable for maintaining a nuisance, if it permits the crossing to be out of order for an unreasonable and unnecessary length of time; and that this may be charged in the indictment in terms or by so stating the time that the lack of necessity and reason for the obstructing will be apparent. In the subsequent case of I. C. R. R. Co. v. Commonwealth, 129 S. W. 94, 138 Ky.—, we also held that it is not necessary that the words "unreasonable length of time" be used in the indictment, and that it is sufficient if the language used conveys this idea. The indictment in the case before us charges that the defendant by its track, ties, rails and earth did for a long and unreasonable time and for more than three months next before November 18, 1909, continuously, willfully and unlawfully obstruct the road referred to and prevent public travel thereon, and thereover, and willfully failed to prepare or maintain any reasonable crossings or approaches to its ties, track or rails upon the highway, and so prevented the citizens of the county and all the good people of the commonwealth from using the road at that point. The allegations that the road was obstructed for a long and unreasonable length of time and for more than three months, and that the defendant did not maintain for this length of time any reasonable crossing and so prevented the public from using the road, certainly discloses a state of facts that the defendant could not justify on the idea that it had temporarily interfered with

the road but no longer than was necessary in the prosecution of its work. The indictment also shows that the public was prevented from using the road, and that its obstruction was a common nuisance to all those passing and repassing upon the highway. It charges only one offense; the creation of a common nuisance by the obstruction of the road crossing. The court properly overruled the demurrer to it.

It is also insisted the court should have instructed the jury peremptorily to find for the defendant. There was sufficient evidence introduced by the commonwealth as to the obstruction of the highway for an unreasonable length of time to warrant the submission of the case to the jury. The commonwealth proved that the defendant was a corporation, and it is immaterial whether this evidence was introduced before the state closed its case or afterwards; for the court might, in its discretion have allowed the commonwealth attorney to re-open his case and introduce the evidence. In addition to this, the evidence was unnecessary. The burden was on the defendant.

The allegation that the defendant is a corporation is necessary in an indictment against it for a public offense, and is put in issue by a plea of not guilty. What evidence will be sufficient to sustain the allegation was pointed out in Standard Oil Co. v. Commonwealth, 122 Ky. 440. By section 1624, Ky. Stats., judicial notice is taken of acts of the General Assembly; and so where a corporation is created by legislative act, the court will take judicial notice that it is a corporation. (Cincinnati, et al., R. R. Co. v. Commonwealth, 6 R. 306; L. & N. R. R. Co. v. Commonwealth, 11 R. 442.) Judicial notice will not be taken of articles of incorporation filed in the office of the secretary of state; but in view of the rights of railroad companies, and the statutes on the subject, it will, unless the contrary appears, be presumed that a railroad company is a corporation. All the provisions of the Kentucky Statutes regulating railroads are placed in the chapter on private corporations; and only corporations are authorized to condemn land for right of way, depot grounds and the like. It is universal to incorporate companies to own and operate railroads. A firm can not well do the business. The court, therefore, did not err in refusing to instruct the jury peremptorily to find for the defendant, on the ground that the prosecution failed to introduce evidence that the defendant was a corporation.

The obstruction of the highway occurred within twelve months before the finding of the indictment; and so it was unnecessary for the commonwealth to show that the present prosecution is a continuation of a former prosecution in which the indictment had been set aside, and the matter rereferred to the grand jury. It is true those facts were set out in the indictment, but that they were not proved on the trial, is wholly immaterial. If the former indictment was still pending, this could not be relied on by the defendant; for the fact that there is another indictment pending for the same offense is not a defense allowed by the Criminal Code. The defendant may show a previous acquittal or conviction of the offense charged in the indictment; but that there is a former indictment pending is not a ground of demurrer, or a matter that may be pleaded. (See Criminal Code, secs. 164, 165.)

Judgment affirmed.