## Hoskins v. Commonwealth.

(Decided November 28, 1911.)

### Appeal from Lee Circuit Court.

1. Murder—Indictment—Must Not Omit Word Feloniously.—In an indictment for murder the omission of the word, feloniously, renders it fatally defective.

2. Instructions—Self Defense.—An instruction on self defense is defective that leaves to the jury to determine whether the danger was imminent. The jury should be told that the accused had the right to act if it appeared to him, in the exercise of a reasonable judgment, that he was in danger of losing his life, or suffering great bodily harm at the hands of deceased.

SUTTON & HURST, G. W. GOURLEY, E. E. HOGG for appellant.

JAS. BREATHITT, Attorney General, and CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

On June 1, 1910, Garfield Hoskins shot and killed Harrison Hargis, in Beattyville, Lee County, Kentucky. Shortly thereafter he was indicted in the Lee Circuit Court for willful murder. When the case was called for trial counsel for the accused demurred to the indictments; but this was overruled. He was three times put upon his trial, with the result that the jury failed to agree; but upon his fourth trial, held at the June term of court, 1911, he was found guilty of manslaughter, and his punishment fixed at confinement in the penitentiary for twenty-one years. He appeals and seeks a reversal because the trial court erred in refusing to sustain the demurrer to the indictment.

The ground upon which this demurrer is based is, that it is not charged in the indictment that the shooting and killing was feloniously done. This question has several times been before this court, and in the leading case of Kaelin v. Commonwealth, 84 Ky., 354, which was an indictment for murder, it was expressly held that the omission of this word from the indictment rendered it fatally defective. In the later case of Stroud v. Commonwealth, 14 Rep., 179, the accused was indicted for murder. Upon a trial he was found guilty of manslaughter. The indictment did not charge that the killing was feloniously done. It was urged upon appeal

here that, as he was found guilty of manslaughter, the defect in the indictment was cured. But upon consideration it was held that, as the crime was a common law offense, the felonious intent was a necessary ingredient, and the defect in the indictment in failing to charge that the killing was feloniously done was not cured by the verdict, the court holding "that a felonious intent is of the substance of every such (common law) offense. One can not be convicted of a felonious killing unless it is charged that it was done feloniously." The rule announced in those opinions has been steadfastly adhered to, and is controlling in the case at bar. The demurrer should have been sustained.

Though not particularly complained of, we find that the instruction on self-defense was faulty, in that it only authorized the accused to act in his self-defense if he was in great danger of death or bodily harm, thus leaving it for the jury to determine whether the danger was imminent; whereas, under the repeated decisions of this court the jury should have been told that he had a right to act if it appeared to him, in the exercise of a reasonable judgment, that he was in danger, etc. Upon another trial the self-defense instruction will be modified so as to conform to this idea.

Judgment reversed and cause remanded for further proceedings consistent herewith.