STATE *v.* WILLARD LINDSAY.

October Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 3, 1912.

*Physicians and Surgeons—Practicing Without License—Violation of P. S. 5370—Essentials—Whether Practice Necessary —Abatement of Actions—Pendency of Former Suit—Application to Criminal Cases.*

To subject one to the penalty prescribed by P. S. 5370 for an unlicensed person who "advertises or holds himself out to the public as a physician or surgeon," his conduct must amount to a representation that he is in fact a physician or surgeon, but it is not essential that such conduct be the actual practice of medicine or surgery.

§5, No. 151, Acts 1908, amending P. S. 5371, merely describes those who shall be deemed practitioners of medicine or surgery, within the requirement that such practitioners shall procure a license, and does not touch P. S. 5370, which penalizes only those therein specified.

The law that the pendency of a former suit abates a subsequent one for the same cause of action applies only to civil suits and *qui tam* actions.

INFORMATION charging that the respondent, without a license, represented himself to be a physician. Heard at the June Term, 1911, Caledonia County, *Hall*, J., presiding, on respondent's

motion to quash the information on the ground that P. S. 5370, 5371, as amended by No. 151, Acts 1908, are unconstitutional; on a plea in abatement for that when this information was presented there was pending in Caledonia County Municipal Court a complaint charging the respondent with the same offence, and on an agreed statement of facts affecting the plea in abatement. Motion overruled; and plea in abatement overruled and information adjudged sufficient. The respondent excepted. Case passed to Supreme Court before final judgment.

*Johnson W. Ramsey* and *Cook & Norton* for the respondent.

*Robert W. Simonds,* State's Attorney, and *J. Rolf Searles* for the State.

POWERS, J. This is an information in several counts charging the respondent with representing himself to be a physician. All the counts lay the offence in the town of Burke, in Caledonia County; and all charge it on March 1, 1911, save two, which charge it on that day and thence until March 11, 1911. The respondent filed a motion to quash and a plea in abatement, and now argues three questions stated as follows:

1. Is the statute under which the information is brought in conflict with the provisions of the Constitutions of the State of Vermont and of the United States?

2. Does the information bring the case within the provisions of the statute?

3. Can the respondent be required to answer this information in view of the pendency of the previous complaint against him?

Prior to the passage of No. 133, Acts of 1904, it was provided by statute that a person who "practices medicine, surgery or midwifery, * * * and is not duly authorized by a certificate issued and recorded as provided" should, on conviction, pay a specified fine. V. S. 4638. But by section 10 of the act referred to, this provision was repealed and it was therein provided that a person who "not being licensed as aforesaid, shall advertise or hold himself out to the public as a physician or surgeon in this State" should be fined as therein specified. And this is the provision of the statute as it now stands. P. S. 5370.

It is thus seen that the offence expressly covered by the statute is complete when an unlicensed person advertises or holds himself out to the public as a physician or surgeon. Actual practice is not required to bring one within the penalized class. No attempt is made in the statute further to define or explain the offence. What one must do to amount to advertising or holding himself out as a physician or surgeon is not specified. But whatever the other essential elements of the offence may be, it is clear that without something which amounts to a representation on the part of the person charged that he is in fact a physician or surgeon no offence is committed. So practicing medicine without a license is now criminal only when it involves a representation that the person acting is a physician or surgeon.

The respondent depends upon section 5 of No. 151, Acts of 1908, which amends P. S. 5371, insisting that unlawful discrimination is therein provided which vitiates the whole statute, and expressly admits in his brief that without this amendment no constitutional objection to the statute could have been raised. But the fault thus found by the respondent exists, if it exists at all, in the section which defines a physician or practitioner of medicine within the meaning of the chapter. It obviously relates to actual practice, and leaves untouched the offence created by P. S. 5370. It describes those who are required to obtain a license, but only those included in section 5370 are made criminals. If the statute had remained as it was before the amendment of 1904, the constitutional questions raised by the respondent would merit consideration; but in the existing circumstances, they are of no present consequence. The respondent does not question the power of the Legislature to make criminal the mere act of an unlicensed person in representing himself to be a physician, and so, of course, we do not consider it.

This view disposes of two of the three questions argued, and brings us to a consideration of the effect of the pendency of the former complaint.

On this point, too, the case is easier than it looks to counsel. The rule discussed has no application to criminal cases. The reason why the pendency of a former suit abates a second suit for the same cause of action, is because the latter is vexatious,—the theory of the law being that the first suit affords an ample remedy and therefore the second suit is unnecessary and oppress-

ive.    *Downer* v. *Garland*, 21 Vt. 362.    This rule applies to civil suits, *qui tam* actions for a penalty, part of which goes to the complainant, but not to criminal prosecutions.    *Com.* v. *Drew*, 3 Cush. 279.

The common law rule regarding criminal cases is thus stated:

"If A. be indicted of the murder of B. and there is another indictment afterwards taken of the same death against the same person and he is arraigned upon the second indictment, because it is the King's suit, the second shall not abate. * * *"    2 Hale's Pl. Cr. 239.

It is quite probable that the reason for this is to be found in the suggestion that a criminal prosecution is the King's suit. In the eye of the common law the King could do no wrong; and so, of course, he could not be a party to a vexatious suit.

However this may be, the rule is too well established to be gainsaid.    2 Hawk. Pl. Cr. XXIV, 1; *Bell* v. *State*, 115 Ala. 25, 22 South. 526; *Knight* v. *State*, 42 Fla. 546, 28 South. 759; *Hardin* v. *State*, 22 Ind. 347; *Gray* v. *State*, (Ga.) 65 S. E. 191; Whart. Cr. Pl. & Pr. (9 ed.) §452; 1 Archbold Cr. Pl. & Pr. 336.

It is sometimes said that the proceedings must be pending in the same court, or the one will abate the other,—*Bartley* v. *State*, . (Neb.) 73 N. W. 744; *State* v. *Tisdale*, 19 N. C. 160—but this is to engraft upon the rule a feature unknown to the common law, as an examination of the authorities above referred to will abundantly show.

There is, of course, no jeopardy in the mere pendency of the former prosecution.    *Hasse* v. *State*, (Ind.) 36 N. E. 54; *State* v. *Ruffin,* (La.) 41 So. 647; 1 Bish. Cr. L. §1014.

*Affirmed and remanded.*