## Newton v. Commonwealth.

(Decided February 2, 1923.)

### Appeal from Pulaski Circuit Court.

1. Criminal Law—New Trial.—The reversal of a judgment of conviction for errors committed on the trial and the remanding of the case to the lower court for a new trial places the defendant in the same position as if no trial had been had.

2. Criminal Law—Jeopardy—Plea of Pendency of One Indictment in Bar of Another.—The pendency of two indictments for different offenses growing out of the same act, coupled with the trial of one of them, does not put the defendant in jeopardy twice for the same offense, and he cannot plead the pendency of one of the indictments in bar of a trial on the other.

WM. WADDLE for appellant.

CHAS. I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, and W. N. FLIPPIN for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellant was convicted in the Pulaski circuit court of the offense of selling intoxicating liquor, and was fined $200.00 and given a jail sentence of thirty days. He has appealed from the judgment on the sole ground that the lower court erred in refusing to sustain his plea of former conviction.

On the trial of the case below the defendant plead in bar of this prosecution a judgment of conviction of the Pulaski circuit court rendered on March 20, 1922. The plea alleged that defendant had previously been convicted in the Pulaski circuit court of having spirituous liquor in his possession for the purpose of sale, and that the evidence introduced in support of that charge was identical with that on which this indictment was procured. We note that it was not alleged in the plea that the former judgment had been satisfied, or was in full force and effect, or had not been superseded, modified or reversed. This court takes judicial cognizance of its own decisions and necessarily must know that the judgment of the Pulaski circuit court, rendered on March 20, 1922, was reversed by this court in Newton v. Commonwealth, 195 Ky. 764. Without deciding, therefore, the question as to whether a conviction procured on evidence of the doing of a certain act is a bar to another prosecution for a different offense committed in the doing of the same act, we come to the question involved—does a conviction in a circuit court which has been reversed by this court constitute jeopardy within the meaning of section 13 of the Constitution, or may it be pleaded in bar of a subsequent prosecution based on the same evidence, though for a different offense?

A plea of former conviction, under our practice, is considered as controverted by denial and by any matter of avoidance that may be shown in the evidence. Section 179 Criminal Code; Commonwealth v. Rose, 107 Ky. 566. And section 270 of the Criminal Code provides that the granting of a new trial places the parties in the same position as if no trial had been had. Fain v. Commonwealth, 109 Ky. 545; Hoskins v. Commonwealth, 152 Ky. 805. It has been held that the pendency of two indictments for the same offense, coupled with the trial of one of them, does not put the defendant in jeopardy twice for the same offense, and that he cannot plead the pendency of one of the indictments in bar of a trial on the other. Madisonville R. R. Co. v. Commonwealth, 140 Ky. 255; Hobbs v. Commonwealth, 156 Ky. 847. It has also been held that former conviction is an affirmative plea, the onus of which is on the accused. Vowells v. Commonwealth, 83 Ky. 193. Considering appellant's plea and taking cognizance of Newton v. Commonwealth, *supra,* we have a situation in which it appears that defendant's position in the former case is the same "as if

no trial had been had.'' In these circumstances it needs no argument to show that defendant has not been put in jeopardy twice and that he has not sustained his plea of former conviction.

The judgment is affirmed.