[No. 21969. Department One. June 19, 1929.]

THE STATE OF WASHINGTON, *on the Relation of S. L. Benbrook et al., Plaintiffs,* v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Respondent.*[1]

*Attwood A. Kirby, Geo. H. Rummens, Charles A. Turner,* and *O. T. Webb,* for relators.

*Chas. R. Denney,* for respondents.

TOLMAN, J.—Relators, by an original petition filed in this court, set forth certain proceedings had in the trial court of which they complain, and, in form, pray for a writ of review. On presentation, however, their counsel seems to concede that the facts stated do not entitle them to a writ of review, and asks that such

[1]Reported in 278 Pac. 427.

extraordinary writ issue as the facts may warrant, presumably thereby asking for a writ of prohibition.

The allegations of the petition, omitting formal parts and details, show that, on May 4, 1929, the prosecuting attorney for Snohomish county verified, and filed in the superior court for that county, an information charging these relators, with others, with the crime of being common gamblers on the 2nd day of March, 1929, in that, at a certain place in Snohomish county, they did on that day wilfully, unlawfully and feloniously open up and operate a game commonly known as "craps," played with dice, upon which money was wagered, etc., and that, contemporaneously with the verification and filing of the information just referred to, the prosecutor did also verify and file another and further information charging the relators with another, with the crime of being common gamblers, committed at the same time and place by the like operation of a gambling game known as "black jack," played with cards, upon which money was hazarded; that the relators were brought into court, and were arraigned upon each and both of said informations, whereupon they served and filed a plea in bar, a motion to quash, a demurrer, and a motion for election; the plea in bar being supported by an affidavit indicating clearly that the two offenses charged, occurred on the same day in the same place, from which the contention is derived that, if the relators were common gamblers at a certain specified place and a certain specified time, they could be no more than common gamblers, no matter how many games they may have operated at the particular time and place; and, based on this is the further proposition that two prosecutions for the same crime cannot be maintained at one and the same time, and that necessarily one of such prosecutions is a bar to the other.

These various matters were presented and argued to the trial court, and the prosecuting attorney, while not conceding that but one crime had been committed, declined to file any controverting affidavit, taking the position that the facts set forth as to identity and time and place were wholly immaterial, whereupon the trial court denied and overruled all of such motions and the demurrer, though apparently convinced that each and both of the informations charged the same crime, but holding that the question was not properly before the court at that time and in the then state of the record.

Relators excepted to the rulings which required relators to plead to both informations, and, time being allowed for application to this court for relief, relators now demand that, by proper writ, the action of the trial judge be inquired into, and he be prohibited from requiring them to plead to more than one of such informations.

For present purposes, we will assume that relators have properly made it appear that both informations charge the same crime, and we will also assume that they cannot be tried twice for the same offense, but, even so, having been called upon to plead only, are they now in a position to demand relief?

Since the informations are entirely separate and independent of each other, each entitled as a separate cause, they cannot be tried at the same time and before the same jury; at least, not without the consent of the relators. The necessity that the person charged be personally present at and during a criminal trial, renders it physically impossible that both charges be tried before separate juries at the same time. One must necessarily be tried first, and, until the relators be placed upon trial of the issue upon the merits, no one will contend that they have been placed in jeopardy. Hence, a plea of former jeopardy is not now available

in either case, and cannot be until relators be placed in jeopardy upon one charge or the other.

It may be, as argued, that the right to plead guilty, or not guilty, as he may elect, is a valuable right to the person charged, but here we see no embarrassment or loss of a substantial right by being required to plead to both charges. If relators conceive themselves to be guilty of the crime of being common gamblers at the time and place charged, and only once guilty, no matter how many different games they may have operated, they may safely plead guilty to one charge and not guilty to the other, and, in due course, supplement the plea of not guilty with the plea of former jeopardy when former jeopardy arises.

If they conceive that they were not common gamblers at the time and place charged, they may plead not guilty to both informations, and when such further proceedings shall be had upon either as to constitute jeopardy, immediately, and as a matter of right, the plea of former jeopardy will be available to them. Even if a plea of guilty had been entered, which is hardly conceivable, no court would deny the right to withdraw that plea immediately upon it appearing that the person charged had been placed in jeopardy in another case, after such plea of guilty was entered.

Assuming that, as relators contend, the rule as to former jeopardy prohibits not only a second conviction, but also prohibits a second trial for the same offense, still, here, relators have not yet had a first trial, have not yet been placed in jeopardy, and their rights are not invaded by being required to plead to both informations at this time.

The alternative writ will be quashed, and the action dismissed.

MAIN and HOLCOMB, JJ., concur.

FRENCH, J., concurs in the result.