STATE, Respondent, *v.* AUS, Appellant.

(No. 7,681.)

(Submitted June 15, 1937.   Decided June 23, 1937.)

[69 Pac. (2d) 584.]

Cause submitted on briefs of Counsel.

*Messrs Hildebrand & Warren,* for Appellant.

*Mr. Harrison J. Freebourn,* Attorney General, *Mr. Carl N. Thompson,* Assistant Attorney General, and *Mr. Homer A. Hoover,* County Attorney of McCone County, for the State.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

By information filed by leave of court on June 26, 1936, defendant was charged with the theft of a colt on December 20, 1935. He was tried, found guilty, and sentenced to a term in the penitentiary. His motion for a new trial was denied, and he appealed from the judgment and from the order denying a new trial. The sole question presented by the appeal is whether the court erred in denying defendant's plea of once in jeopardy.

In support of that plea it was shown that prior to the filing of the information in the case here involved, defendant was charged with the larceny of another colt on December 20, 1935, and after trial by a jury was found guilty and sentenced to a term in the penitentiary, where he was confined from July 3, 1936, to August 4, 1936; and that in that action he moved for a new trial, which was granted because of the want of proof as to the ownership of the colt. In the trial of that case it appeared that four colts were stolen at the same time and place, and they were claimed to have been stolen by defendant and

another person. The information in the case now before us charges the theft of one of the four colts, but a different colt from the one charged to have been stolen in the first case, which was also one of the four.

It is conceded that the theft of the four colts occurred at the same time, and hence constituted but one offense. (*State* v. *Mjelde*, 29 Mont. 490, 75 Pac. 87.)

The court properly denied the plea of once in jeopardy. When a new trial has been granted, as was the case here, defendant is not placed in a new jeopardy by the second trial, but is merely subjected to the same jeopardy that he was in on the first trial. This court has so held in *State* v. *Keerl*, 33 Mont. 501, 85 Pac. 862, 865, where it was said: "We are also of the opinion that after a verdict or a judgment of conviction or acquittal, the defendant in a criminal case has been in jeopardy, and may not be tried again for the same offense, except in the case of a new trial which has been granted or ordered. The jeopardy which is forbidden is a new jeopardy. In the case before us the defendant, when he went to trial the third time, was in the same jeopardy that he was in when the first trial was had. The continuance of the jeopardy is not a new jeopardy. A mistrial or a new trial secured by plaintiff or defendant, continued the jeopardy and does not renew it."

In 8 R. C. L. 160, it is said: "It is generally conceded that a person convicted of a crime waives his constitutional protection against being twice in jeopardy where at his request the verdict against him is set aside and a new trial is granted, and therefore under such circumstances he may be tried again for the same offense, even though he has served a part of the sentence imposed on him on the first conviction; and the same result follows where he merely asks that a judgment against him be vacated though the court goes beyond what he asks and orders a new trial. In the application of this rule the ground on which the new trial was granted is not material, and therefore where a conviction and judgment are set aside on proceedings instituted by the defendant on the ground that he has been deprived of a

right guaranteed to him by the Constitution, the plea of former jeopardy cannot avail to prevent a second trial." (And see *Stroud* v. *United States,* 251 U. S. 15, 40 Sup. Ct. 50, 64 L. Ed. 103, and *State* v. *Thompson,* 10 Mont. 549, 27 Pac. 349.)

Defendant contends that so long as the action in which the first information was filed is still pending, he is under a continuing jeopardy because thereof, and that a new information charging the same offense differing only in the fact that it charges the theft of a different animal is subject to this plea.

The authorities do not support defendant's contention. Thus in 16 C. J. 258, it is said: "It is an established principle of law that a defendant in a criminal case who procures a verdict and judgment against him to be set aside by the court may be tried anew upon the same or another indictment for the same offense of which he was convicted." And on page 259 the same author says: "Where a new trial is granted on motion of defendant, and the verdict and conviction are set aside, defendant has thereby waived his right and is estopped to plead the former conviction as a bar to another trial on the same or a new indictment. But this rule applies only where there has been a conviction." Numerous cases are there cited to support the text.

In *Murphy* v. *Commonwealth,* 177 U. S. 155, 20 Sup. Ct. 639, 641, 44 L. Ed. 711, the Supreme Court of the United States quoting from a prior decision said: "It is quite clear that a defendant who procures a judgment against him upon an indictment to be set aside may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted."

Our statutes define a new trial as "a re-examination of the issue in the same court, before another jury, after a verdict has been given." (Sec. 12046, Rev. Codes.) And section 12047 in part provides: "The granting of a new trial places the parties in the same position as if no trial had been had." Hence, after the new trial was granted in the first case, under the liberal rules for amending an information (secs. 11804, 11870, Rev. Codes), it could have been amended by leave of court to charge

the same offense, without violating any right of defendant and without the right of defendant to plead former jeopardy. (Sec. 12047, Id.)

No good reason appears why, instead of amending the information, a new information may not be filed as was done here, charging the same offense. "A new information may be filed * * * where there is a variance between the information and the complaint or the proof, * * * or after a mistrial." (31 C. J. 638, 639.)

The mere pendency of a prior indictment or information does not sustain the plea of former jeopardy. (*State* v. *Lindsay,* 86 Vt. 201, 84 Atl. 612; *Madisonville, H. & E. R. Co.* v. *Commonwealth,* 140 Ky. 255, 130 S. W. 1084; *Newton* v. *Commonwealth,* 197 Ky. 496, 247 S. W. 707.) Where there are two informations pending charging the same offense, as here, until there has been a trial, or defendant is placed in jeopardy under one information, the plea of former jeopardy is not available to the other. (*Hobbs* v. *Commonwealth,* 156 Ky. 847, 162 S. W. 104; *State ex rel. Benbrook* v. *Superior Court of Snohomish County,* 152 Wash. 576, 278 Pac. 427.)

The plea of once in jeopardy was properly denied. The judgment and order are affirmed.

Mr. Chief Justice Sands and Associate Justices Stewart, Anderson and Morris concur.