John BLANTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 28, 1958.

Rehearing Denied Feb. 27, 1959.

G. Wix Unthank, Harlan, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

John .Blanton appeals from a conviction of voluntary manslaughter with a sentence of twenty-one years in the penitentiary. Four grounds for reversal are urged: (1) Failure to grant a continuance; (2) failure to sustain his plea of former jeopardy; (3) admission of incompetent evidence; and (4) improper argument.

The prosecution was set for trial on March 17, 1958. When the case was called, appellant filed a motion for a continuance because of the absence of Mossie Blanton, his wife, and Walter Roark. The case was reassigned for trial on March 18, 1958, with the approval of counsel for appellant. Process was issued to secure the attendance of the absent witnesses. They were arrested and held in the Harlan

County Jail until March 20, 1958. The testimony in the case was introduced on March 19 and 20, 1958. Neither witness was introduced in behalf of appellant although both were available. The denial of a continuance was proper.

At the beginning of the trial, appellant entered a plea of former jeopardy, or, more properly, former acquittal. Criminal Code of Practice, Section 172. The basis of the plea was that in this prosecution appellant had been indicted for murder, had been tried and convicted of voluntary manslaughter, which conviction had been set aside on his motion for a new trial, and he again was being brought to trial for murder under the same indictment. Appellant contends that the first trial on the murder charge, with a resulting conviction of voluntary manslaughter, was an acquittal on the charge of murder; hence, the second trial on the same murder indictment was double jeopardy as to the murder charge.

Appellant's contention is based on Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed. 199, 61 A.L.R.2d 1119. It was there held that a second trial for first degree murder placed a defendant in jeopardy twice for the same offense in violation of Amendment V, United States Constitution, when at his first trial on that charge the jury, without mentioning the charge of first degree murder in its verdict, found him guilty of second degree murder under instructions of the trial judge on both first and second degree murder, and upon his appeal, the appellate court reversed his conviction of second degree murder. The verdict finding the defendant guilty of second degree murder was regarded as an implicit acquittal on the charge of first degree murder.

The federal prohibition against double jeopardy is in the same language as Section 13, Kentucky Constitution, which is:

"No person shall, for the same offense, be twice put in jeopardy of his life or limb, * * *."

Commonwealth v. Olds, 5 Litt. 137, 15 Ky. 137, and Williams v. Commonwealth, 78 Ky. 93, are cited by appellant in support of his contention. An examination of these cases discloses that they are distinguishable on the facts but in principle are in accord with the law, as set forth in Commonwealth v. Arnold, 83 Ky. 1, 6 Ky.Law Rep. 181, 4 Am.St.Rep. 114.

The facts in the Arnold case are similar to the facts here. In the Arnold case, the defendant was indicted for murder, and when tried was convicted of manslaughter. That conviction was reversed and a new trial granted. On the second trial, the accused's plea of former acquittal as to the charge of murder was sustained on the theory later upheld in the Green case. The Commonwealth appealed, insisting that the trial court was in error in sustaining the plea.

This Court, in holding the trial court in error, relied on Criminal Code Section 270, which is:

"The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict can not be used or referred to in evidence or in argument."

In the Arnold case, it was held that the state, in granting the right of appeal or the right of new trial, may hedge the right about with such restrictions as it may see fit to impose, and that when one who has been convicted of manslaughter under an indictment for murder is granted a new trial, he is in the same position as if no trial had been had. This is a rule of long standing in this Court. Haskins v. Commonwealth, 1 S.W. 730, 8 Ky.Law Rep. 419; Wells v. Commonwealth, 6 S.W. 150, 9 Ky.Law Rep. 658; Fain v. Commonwealth, 109 Ky. 545, 59 S.W. 1091, 22 Ky. Law Rep. 1111; Newton v. Commonwealth, 197 Ky. 496, 247 S.W. 707; Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757.

In Hoskins v. Commonwealth, 152 Ky. 805, 154 S.W. 919, the defendant was indicted for murder. On the first three trials, the jury was unable to agree. On the fourth trial, he was found guilty of manslaughter. On appeal, the judgment was reversed because of defects in the indictment and in an instruction. See Hoskins v. Commonwealth, 145 Ky. 580, 140 S.W. 1040. On the return of the case to the circuit court, the indictment was set aside and a new indictment found. Thereafter, on the call of the case for trial, the defendant entered a plea of not guilty and of former jeopardy. A demurrer was sustained to the plea of former jeopardy. On the trial, the defendant was found guilty of murder. The judgment was affirmed. The Court rejected the argument made concerning the plea of former jeopardy on the basis of the rule in the Arnold case.

The courts are divided on the two rules as embodied in the Green and Arnold cases. See Annotation, 61 A.L.R.2d 1141; 15 Am. Jur., Criminal Law, Section 428, page 91; 22 C.J.S. Criminal Law §§ 271–273, pages 406–410, and § 275, page 411. The rule in this state appears to be in accord with the majority view.

■ The prohibition against double jeopardy in Amendment V to the Constitution of the United States is not a limitation upon state governments in reference to their own citizens, but is exclusively a restriction of federal power. It has been held that neither the due process clause nor the equal protection clause of the Federal Constitution is violated by a state's permitting a retrial for the greater offense where the conviction of the lesser offense was set aside or reversed at the defendant's instance. Annotation, 61 A.L.R.2d, Section 4(b) and (c), pages 1151–1152; Brantley v. State, 132 Ga. 573, 64 S.E. 676, 22 L.R.A.,N.S., 959, 131 Am.St.Rep. 218, 16 Ann.Cas. 1203, affirmed 217 U.S. 284, 30 S.Ct. 514, 54 L.Ed. 768.

■ No valid reason has been advanced to justify a departure from the rule in the Arnold case.

■ Two state troopers investigated the shooting. Over objection, one of them was asked and answered as follows:

"Did you make enquiry of those people there and in the neighborhood close by. there to determine whether or not there were any eye witnesses to this shooting?

"Yes.

"Did you learn the names of any eye-witnesses to this shooting?

"There were no eye-witnesses.

"Did you learn of any eye witnesses?

"No."

Appellant objects to the answer "There were no eye-witnesses" as being inadmissible hearsay evidence. The objectionable answer, when read in context, meant only that the investigation had disclosed no eyewitnesses. These questions followed testimony concerning the call to investigate and the investigation made. As such, the answer was a mere statement as to a result of his investigation and was not hearsay.

■ It is urged that the following statement made by the prosecuting attorney in his closing argument was improper:

"You want the jury to give you a license and set you free because you killed another man you suspected of fooling with your wife, when you did the same thing a few years before."

Appellant argues that there was no evidence that he had killed another man or that he did the same thing a few years before. What the prosecutor sought to convey to the jury was that the appellant had killed George M. Hammons for run-

ning around with appellant's wife when the appellant himself had run around with a married woman a few years before. It is admitted that the appellant killed Hammons, and it is a proper inference from appellant's own testimony that he had been accused of running around with another woman in 1956. Both of these accusations were supported by evidence. Additionally, when appellant objected to the so-called improper argument, he asked only that the court admonish the jury, which the court did by telling them not to consider this statement. No motion was made to discharge the jury. There is no merit in the contention as to improper argument.

Judgment affirmed.