**Willard J. FOSTER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 22, 1960.

S. M. Ward, Vernon Faulkner, Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Willard J. Foster was convicted of armed robbery and sentenced to life imprisonment. The principal ground on which he appeals is that the indictment does not sufficiently describe the offense defined by KRS 433.140. He takes the position that the trial court erred in instructing the jury on armed robbery because the indictment states the offense of simple robbery only.

The indictment reads as follows:

"The Grand Jury of Perry County, in the name and by the authority of the Commonwealth of Kentucky, accuse, Willard James Foster of the crime of Armed Robbery committed in manner and form as follows, to-wit:

"The said defendant, Willard James Foster in the said county of Perry, on the 2nd, day of March A.B. [sic] 1959, and before the finding of this indictment, did unlawfully, willfully, feloniously, *with force and arms,* unlawfully, feloniously, *by force and violence* and by putting A. J. Stout, Jr., in fear of bodily harm, did take, steal and carry away from the Stout Liquor Store, of which A. J. Stout, Jr., was in charge of at the time, against the will and consent of said A. J. Stout, Jr., or his father, A. J. Stout, Sr., the owner of the Stout Liquor Store, the personal property of said A. J. Stout, Sr., and the subject of larceny, the following property to-wit: About $138.00 U. S. Money one 12 guage [sic] shotgun, and 1–38 pistol, with the felonious and fraudulent intent then and there to convert the same to his own use, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

At the conclusion of the evidence the trial court gave two instructions to the jury. One was an instruction on armed robbery following the form of instruction No. 1 set forth in Stanley's Instructions to Juries, § 961. The other was the reasonable doubt instruction. Appellant duly preserved his objection to the instructions by specifically including it in his motion and grounds for new trial. Barton v. Com., 238 Ky. 356, 38 S.W.2d 218.

The question raised in this case has been determined by our decision in the case of Duncan v. Com., Ky., 330 S.W.2d 419. The indictment does not state the offense of armed robbery, and for that reason the instructions were erroneous.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.