Willard J. FOSTER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 5, 1961.

Rehearing Denied Sept. 15, 1961.

S. M. Ward, Vernon Faulkner, Hazard, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

In 1959 appellant was convicted of armed robbery. He appealed to this Court and the judgment was reversed on the ground the indictment did not sufficiently state that offense. Foster v. Commonwealth, Ky., 331 S.W.2d 277. Subsequently the Commonwealth quashed the original indictment, had the matter again referred to the grand jury, and a new and sufficient indictment was returned. Upon the new indictment appellant was tried, found guilty and sentenced to life imprisonment.

Appellant's first ground for reversal is that the trial court should have sustained his plea of former jeopardy. Criminal Code, § 270 provides in part "the granting of a new trial places the parties in the same position as if no trial had been had." The effect of our decision reversing

the first judgment was to grant appellant a new trial. As provided by section 270, the parties are then in the same position as if there had been no trial at all.

There is abundant authority for the proposition that under these circumstances the Commonwealth may dismiss the original indictment and have a new indictment found, and since the situation is the same as if no trial had been had on any offense, the defendant does not have a meritorious plea of former jeopardy. Fain v. Commonwealth, 109 Ky. 545, 59 S.W. 1091; Ward v. Commonwealth, Ky., 128 S.W. 72; Hoskins v. Commonwealth, 152 Ky. 805, 154 S.W. 919; Newton v. Commonwealth, 197 Ky. 496, 247 S.W. 707; Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757. See also Blanton v. Commonwealth, Ky., 320 S.W.2d 626.

The trial court properly denied this plea.

It is next contended the trial judge should have vacated the bench on the basis of appellant's affidavit showing bias, filed under KRS 23.230. This statute has been construed to require a statement of facts which not only show bias, prejudice or personal hostility toward the accused, but that such is of a character calculated seriously to impair the judge's impartiality and sway his judgment. Stamp v. Commonwealth, 195 Ky. 404, 243 S.W. 27. Though the facts stated in the affidavit must be accepted as true, the simple allegation of prejudice is not sufficient since the affidavit must contain facts which "necessarily show" prejudice or bias. Johnson v. Ducobu, Ky., 258 S.W.2d 509.

The first alleged ground of prejudice is that the circuit judge had appellant transferred from the Pike County jail to another jail for safekeeping. This is authorized by KRS 441.030. There is no showing of prejudice in this procedure. Appellant contends it resulted in his removal some distance from his attorneys, but there is no showing his legal representation was adversely affected. As a matter of fact, the trial judge granted appellant a continuance to permit him to confer further with his attorneys and prepare his defense. The allegations fail to establish that this action by the judge in any way affected his ability and intention to give defendant a fair and impartial trial.

The affidavit next states the judge had a fixed idea about the lack of merit in appellant's plea of former jeopardy. It is nothing short of fantastic to claim a circuit judge is biased against a particular defendant because he intends to apply the correct law to his case.

There is some suggestion the trial judge refused to allow the execution of a bond but appellant did not make any effort to obtain a bond.

Appellant's affidavit failed to state facts which would sustain his allegation of prejudice, and in confirmation of this conclusion it may be observed appellant does not contend he was not given a fair and impartial trial.

The judgment is affirmed.