**Willard J. FOSTER, Petitioner-Appellant,**

v.

**COMMONWEALTH OF KENTUCKY and David L. Davis, Warden, Kentucky State Reformatory, Respondents-Appellees.**

**No. 15047.**

United States Court of Appeals
Sixth Circuit.
Dec. 27, 1962.

Willard J. Foster, in pro. per.

John B. Breckinridge, Atty. Gen., of Kentucky, Frankfort, Ky., for appellees.

Before CECIL, Chief Judge, WEICK, Circuit Judge, and BOYD, District Judge.

PER CURIAM.

Willard J. Foster, petitioner-appellant filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Kentucky. The petitioner was tried and convicted of armed robbery on an indictment returned by a grand jury, under KRS 433.140.

This conviction was reversed by the Kentucky Court of Appeals (331 S.W.2d 277) for the reason that the indictment was insufficient to charge the offense under the statute. The indictment was quashed by the trial judge and a new indictment returned by the grand jury charging armed robbery. The petitioner was again convicted of the crime of armed robbery and sentenced to life imprisonment.

The Kentucky Court of Appeals affirmed this conviction (348 S.W.2d 759) and the Supreme Court denied certiorari. (368 U.S. 993, 82 S.Ct. 613, 7 L.Ed.2d 530) The District Court denied the petition for a writ of habeas corpus and this appeal followed. The essence of the appellant's claim is that he was twice put in jeopardy for the same offense.

It is provided in Kentucky Criminal Code, Section 270, "The granting of a new trial places the parties in the same position as if no trial had been had." Under circumstances such as are involved in the case at bar, the Kentucky Court of Appeals has held that the situation is the same as if no offense had been committed and that no double jeopardy exists. Fain v. Commonwealth, 109 Ky. 545, 59 S.W. 1091; Ward v. Commonwealth, Ky., 128 S.W. 72; Hoskins v. Commonwealth, 152 Ky. 805, 154 S.W. 919; Newton v. Commonwealth, 197 Ky. 496, 247 S.W. 707; Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757. Section 270 of the Kentucky Criminal Code violates no Federal Constitutional right of the appellant. In Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288, the Supreme Court held that a *state* could appeal a criminal case and if reversed for errors in the trial, the defendant could be retried without violation of the Fourteenth Amendment. In this case, upon conviction in the first trial, the defendant was sentenced to life imprisonment. In the second trial, after appeal by the state and reversal, he received a death sentence.

It is the general rule followed by the Supreme Court of the United States that a retrial for an offense, after a reversal of a prior conviction, does not constitute double jeopardy, in violation of the Fifth Amendment to the Constitution of the United States. United States

v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L. Ed. 300; Trono v. United States, 199 U. S. 521, 26 S.Ct. 121, 50 L.Ed. 292; Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103; State of La., ex. rel Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422; Green v. United States, 355 U.S. 184, 189, 78 S.Ct. 221, 2 L.Ed.2d 199.

■■ The claim of the appellant that he could have been retried on the original indictment, limited to instructions on the common law offense of robbery, but that he could not be tried on a new indictment which properly charged armed robbery is without merit. * * * "a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted." United States v. Ball, 163 U.S. 662, 672, 16 S.Ct. 1192, 1195.

The judgment of the District Court is affirmed.