RENDERED: SEPTEMBER 26, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0613-MR

KATHERINE MORRISON                                    APPELLANT


APPEAL FROM TAYLOR CIRCUIT COURT
v.        HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 21-CR-00286


COMMONWEALTH OF KENTUCKY                               APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, EASTON, AND LAMBERT, JUDGES.

EASTON, JUDGE: Appellant, Katherine Morrison ("Morrison"), *pro se*,

challenges an Order of the Taylor Circuit Court, which denied her motion pursuant

to CR[1] 60.02(f). Although the judgment in her case ultimately resulted from a

guilty plea, Morrison complains that her attorney at her jury trial prior to her guilty

---

[1] Kentucky Rules of Civil Procedure.

plea was ineffective.  Because her subsequent guilty plea was voluntarily made, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Morrison was indicted for the murder of John Berry.  Morrison shot Berry during the late-night hours of September 24, 2021.  A jury trial was conducted on August 15 and 16, 2022.  The jury found Morrison guilty of First-Degree Manslaughter and recommended a sentence of 15 years' imprisonment.

During closing arguments, the Commonwealth made references to statements Morrison made to police during her initial interview.  Some of these statements were not familiar to Morrison's counsel.  The day after the trial, the parties discovered that a 22-minute portion of Morrison's recorded interview was never disclosed to defense counsel contrary to RCr[2] 7.24(1).  Morrison then filed a motion for a new trial.  Given the circumstances, the circuit court granted Morrison's motion for new trial without hesitation.

On August 31, 2022, two weeks after the trial, Morrison and the Commonwealth announced to the circuit court that they had reached an agreement: Morrison would plead guilty to First-Degree Manslaughter, with the same sentence of 15 years, but with an important stipulation from the Commonwealth that the

---

[2] Kentucky Rules of Criminal Procedure.

domestic violence exception provided by KRS[3] 439.3401[4] and KRS 439.3402[5] would apply. This changed Morrison's parole eligibility from an 85% requirement to a 20% requirement. After even more time to consider the offer, on September 6, 2022, Morrison entered her guilty plea pursuant to the Commonwealth's offer. The circuit court accepted the plea and sentenced Morrison on October 18, 2022.

In March 2024, Morrison filed a *pro se* "Motion for Sentence Modification Pursuant to CR 60.02(f)." In this motion, Morrison again claimed she suffered domestic violence at the hands of the decedent. She alleged her trial counsel failed to obtain an expert witness for the trial about domestic violence and failed to present mitigation evidence during the penalty phase of the trial. She requested that "her Manslaughter conviction and sentence of fifteen (15) years to be amended to a lesser charge and the minimum sentence permitted." The circuit court denied the motion, finding that Morrison "has asserted no grounds in her motion to justify the relief sought." This appeal follows.

---

[3] Kentucky Revised Statutes.

[4] KRS 439.3401(4): "A violent offender with a sentence of a term of years shall not be released on probation, shock probation, parole, conditional discharge, or other form of early release until he or she has served at least eighty-five percent (85%) of the sentence imposed . . . (6) This section shall not apply to a person who has been determined by a court to have been a victim of domestic violence or abuse pursuant to KRS 533.060 with regard to the offenses involving the death of the victim or serious physical injury to the victim."

[5] "Exemption from KRS 439.3401 for victims of domestic violence and abuse; procedures; effect . . . (8) The effect of granting a motion under this section is to remove the status as a violent offender for the offense for which the motion was filed and permit the offender to be eligible for parole in the manner specified in KRS 439.340."

**STANDARD OF REVIEW**

While Morrison argues ineffective assistance of counsel which is properly addressed by an RCr 11.42 motion, she filed a CR 60.02(f) motion[6] in the circuit court. The standard of review for both RCr 11.42 and CR 60.02 motions is abuse of discretion. *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014); *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

**ANALYSIS**

Morrison waived any claim of ineffective assistance of counsel. The rules for post-conviction review are clear. Review is first by direct appeal, then a motion under RCr 11.42, and then a motion under CR 60.02. *Gross v. Commonwealth*, 648 S.W.2d 853 (Ky. 1983). CR 60.02 may not be used to address issues which properly could have been raised in an RCr 11.42 motion. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Regardless, whether Morrison's argument about ineffective counsel during her trial may now be considered under CR 60.02 does not affect the ultimate outcome of her appeal.

---

[6] Morrison's motion is self-verified rather than notarized and thus does not satisfy RCr 11.42(2). *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001).

Morrison focuses only on the performance of her counsel during trial. She believes she would have received a shorter sentence had sufficient evidence of domestic violence been presented to the jury. But Morrison also could have received a longer sentence at an 85% parole eligibility at a new trial. In any event, the possible result of a trial is not the issue.

The jury verdict was set aside by the circuit court. "[T]he granting of a new trial places the parties in the same position as if no trial had been had." *Foster v. Commonwealth*, 348 S.W.2d 759, 759 (Ky. 1961). Any error which may have occurred during Morrison's trial was rendered moot by the circuit court's granting of her motion for a new trial. We must look only at the voluntariness of her subsequent guilty plea.

Morrison entered a guilty plea to First-Degree Manslaughter, applying the exemption of KRS 439.3402. This resolution included a recognition of the domestic violence, a recognition sought by Morrison. Morrison could have proceeded to another trial and argued the impact of domestic violence on her actions. But by entering a valid guilty plea, Morrison waived the arguments she makes to this Court. "The entry of a valid guilty plea effectively waives all defenses other than that the indictment charged no offense. This waiver covers most claims of ineffective assistance of counsel[.]" *Jackson v. Commonwealth*, 363 S.W.3d 11, 15 (Ky. 2012) (internal quotation marks omitted). "Instead, after a

guilty plea, a defendant may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.[7] While this may require some analysis of whether trial counsel was ineffective, it is nevertheless a somewhat different and narrower inquiry, since it ultimately focuses on the voluntariness of the guilty plea and not general prejudice or the performance of counsel." *Id.* at 15-16 (citation omitted).

Morrison has not made any argument that her plea was not made voluntarily, knowingly, and willingly. She does not argue that her counsel somehow misadvised her about the plea. Nor could this Court so find. The circuit court was extremely thorough in its discussion of the terms of Morrison's plea bargain on two separate occasions. Morrison clearly understood the resolution she had chosen.

By her guilty plea, Morrison received the benefit of the domestic violence exception of KRS 439.3402, meaning she is eligible for parole after serving only 20% of her sentence. The circuit court plainly explained this to her, and it further made it very clear to Morrison that parole was not guaranteed even

---

[7] *McMann v. Richardson*, 397 U.S. 759, 770, 90 S. Ct. 1441, 1448, 25 L. Ed. 2d 763 (1970).

once she became eligible.[8]  Morrison is unable to illustrate any basis for the extraordinary relief rarely provided by CR 60.02.

## CONCLUSION

Because Morrison entered a clearly voluntary guilty plea subsequent to the circuit court's granting of a new trial, she is unable to establish prejudice caused by any ineffectiveness of her counsel during the prior trial.  The Taylor Circuit Court did not abuse its discretion in denying the CR 60.02(f) motion and is AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:

Katherine Morrison, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky

---

[8] According to available public information from the Kentucky Department of Corrections, Morrison was denied parole for this case in July 2024 with a deferment of five years.