ROSEBUD COUNTY, Respondent, *v.* FLINN et al., Appellants.

(No. 7,969.)

(Submitted December 18, 1939. Decided January 9, 1940.)

[98 Pac. (2d) 330.]

538

*Mr. I. W. Choate* and *Mr. George W. Farr,* for Appellants, submitted a brief; *Mr. Farr* argued the cause orally.

*Mr. T. W. Carolan,* County Attorney, and *Mr. F. F. Haynes,* for Respondent, submitted a brief; *Mr. Haynes* argued the cause orally.

MR. JUSTICE ARNOLD delivered the opinion of the court.

This appeal questions the validity of a judgment in favor of Rosebud county, Montana, against Custer county, rendered in the district court of the latter county. Some horses were stolen within Custer county and taken by the thieves to Rosebud county, Montana. Trials in Rosebud county resulted in convictions. The county attorneys of the two counties prosecuted the actions jointly.

In accordance with section 11712, Revised Codes, as amended by Chapter 21, Laws of 1937, the trial judge made an order apportioning all expenses of the trials, including expenses of investigation, equally between Rosebud and Custer counties. A claim in proper form was presented by Rosebud county to the commissioners of Custer county for the sum of $2,367.41, which the commissioners disallowed. An appeal followed to the district court of Custer county, whereupon the court struck out a number of items which it deemed improper and which totaled $238.54. Thereupon judgment in the sum of $2,248.14 was rendered against Custer county.

The appellants assign various errors which will be taken up in the order specified. First, that the law upon which the claim is founded is unconstitutional as being in conflict with the Fifth and Fourteenth Amendments of the United States Constitution, and section 27, Article III of the Montana Constitution.

This court has previously held that the due process clause is ██ not applicable to subdivisions of the state, and, hence, that specification of error is untenable. (*Fitzpatrick* v. *State Board of Examiners,* 105 Mont. 234, 70 Pac. (2d) 285.)

The next specification of error recites that the Act above ██ referred to is unconstitutional as being in conflict with section 4 of Article XII of the Montana Constitution, which provides that the legislative assembly shall not levy taxes upon the inhabitants or property in any county, city, town or municipal corporation for county, town or municipal purposes.

We see no force in this contention. The power to define crime and punish criminals is inherent in the state. Likewise such power necessarily includes the right to devise means, create agencies, designate proceedings for prosecutions and provide for the payment of the costs thereof, subject only to constitutional limitations. All counties in the state are subject to the law as set out in the foregoing section as amended. It is quite analogous to section 4953, Revised Codes, which provides that when a criminal action is removed for trial, the costs are a charge against the county in which the indictment was found or information filed. The legislature, cognizant of the fact that certain kinds of property may be readily removed from one county to another, has provided a means for trial in either county. This in reality results in less expense to either county.

Legislatures have frequently provided that knowingly receiving or concealing stolen property is a crime punishable to the same extent as the original asportation. Inasmuch as Custer county would have been liable for the costs of prosecution and trial, had the action been tried therein instead of in Rosebud county, which costs in the main are fixed by law and are uniform throughout the state, it is in no position to complain that an apportionment of such costs is the levy of a tax. (*State ex rel. City of Missoula* v. *Holmes,* 100 Mont. 256, 47 Pac. (2d) 624, 100 A. L. R. 581.) It is the obligation of the county, in the name of the state, to prosecute crime committed within its borders and pay the costs thereof provided by law. Here, where the crime is continuing in nature, the law provides for prosecution in either. county.

The law upon which this action is based provides, among other things, that "when property taken in one county by burglary, robbery, or larceny has been brought into another, the jurisdiction of the offense is in either county. But if at any time before the *conviction* of the defendant in the latter, he is indicted or informed against in the former county, the sheriff of the latter county must, upon demand, deliver him to the sheriff of the former." We note that both counsel in

referring to this section in their briefs mention "trial" instead of "conviction." We mention this to show the apparent defect in this law which might lead to confusion in other cases. A question might arise as follows: May a county attorney by filing an information divest a court of jurisdiction of defendant after a trial in another county is commenced, or even after a case has been submitted to a jury, at any time before conviction? It is thus seen that a serious question of double jeopardy might arise were a county attorney to file an information in such a case after a jury has been impaneled and evidence offered. However, in the case before us it is not necessary to pass upon this question.

We hold that the law in question does not violate section 4 of Article XII of the Montana Constitution.

The appellants complain that in the claim upon which the judgment is based the court allowed sums representing expense not usually referred to as costs, such as expense of investigation. These items include expense of the sheriff and county attorney for mileage, investigation, guards, meals and other material in the criminal cases, and represent a considerable amount of the claim. The question arises whether these items are allowable under the statute as "costs of the prosecution and trial."

"Trial" has been defined by this court when used in connection with criminal proceedings as "proceedings in open court, after pleadings are finished, and it is otherwise ready, down to and including the rendition of the verdict." (*State* v. *Spotted Hawk,* 22 Mont. 33, 55 Pac. 1026, 1028.) "Prosecution," however, is a more inclusive term. While it includes trial it also takes in proceedings previous to trial as well.

Counsel for respondent contend that "prosecution" is a broad term, including all steps preliminary to trial, which would include investigation before filing complaint or information. With this we do not agree. According to some decisions, criminal proceedings are not brought or instituted until a formal charge is openly made against the accused by indictment presented, information filed in court, or a complaint made

before a magistrate. According to others, a prosecution by information for a felony is commenced on the date the warrant, which is executed, is placed in the hands of an officer for service, and not on the date the information is filed. A mere investigation by prosecuting officers, or even inquiry and consideration by examining magistrates of the propriety of instituting a prosecution, do not of themselves create a criminal charge. (14 Am. Jur. 758.)

The Constitution and statutes of Montana, however, appear to have defined the meaning of the term "prosecution." Section 8 of Article III of the Montana Constitution, provides, among other things, that criminal actions in the district court, except those on appeal, shall be *prosecuted* by information after examination and commitment by a magistrate, or after leave granted by the court, or shall be *prosecuted* by indictment without such examination or commitment. Likewise, section 27, Article VIII of the Montana Constitution provides that the style of all process shall be "The State of Montana" and all prosecutions shall be conducted in the name and by the authority of the same. Section 11798, Revised Codes, requires "all public offenses * * * [to] be *prosecuted* by indictment or information, except as provided in the next section." The Act in question herein relates to property taken by burglary, robbery or larceny, meaning, of course, grand larceny, as the title of the Act refers to property *feloniously* taken, which term qualifies a crime of the quality or grade of felony.

Apparently only one construction can be given to these provisions of the Constitution and Code, namely, that the prosecution commences with the filing of the information or indictment, and not before. The filing of an information or indictment in the county where the stolen property is found, being a public record, at least constructively, if not actually, brings notice to the other county involved in such action, and gives it an opportunity to initiate proceedings against the defendant, and thus avoids any claim by the other county for costs of prosecution and trial.

We must hold, therefore, that any costs incurred by the officers of Rosebud county in the way of investigation or otherwise, preliminary to filing the information, which was filed May 20, 1938, are not proper claims against Custer county, and that the section of the Code referred to, where it uses the term "costs," means any legal and proper costs of prosecution and trial after filing of the information, including cost and expense of investigation and production of evidence.

The appellants also contend that section 11712, as amended, makes no provision for notice to a county, in order that it might contest a claim as certified by the trial judge. The acts of the appellants, as well as the law itself, refute this contention completely. The county commissioners of Custer county audited the claim after the trial judge certified it, as they had a right to do under section 4954, Revised Codes. To "audit," as therein used, includes the power to approve or reject. The commissioners rejected the claim and on appeal to the district court, they appeared and contested it. Thus they have had their day in court with full opportunity to be heard.

The last specification of error is to the effect that the Act complained of is unconstitutional in that it violates section 23, Article V of the Montana Constitution, which prohibits more than one subject in a bill and requires that it be expressed in the title. The title of the Act, as amended, reads as follows: "An Act to Amend Section 11712 of the Revised Codes of Montana for 1935, Relating to Property Feloniously Taken in One County and Brought Into Another, and Apportioning Costs of Prosecution and Trial by the Judge."

We believe the title clearly expresses the subject, and that only one subject, with its constituent parts and general incidents, is included. As stated in *Jobb* v. *Meagher County*, 20 Mont. 424, 51 Pac. 1034, 1038: "The purpose requiring singleness of subject is 'to prevent the practice, which was common in all legislative bodies where no such restriction existed, of embracing in the same bill incongruous matters, having no relation to each other or to the subject specified in the title, by which measures were often adopted without attracting

attention.' (Suth. St. Const., 78.) 'Sound policy and legislative convenience dictate a liberal construction of the title and subject-matter of statutes to maintain their validity. Infraction of this constitutional clause must be plain and obvious to be recognized as fatal.' (Id. sec. 92; *Hotchkiss* v. *Marion,* 12 Mont. 218, 29 Pac. 821.)''

Except as herein noted, we find no error in the proceedings before the trial court. It is therefore ordered that the district court modify its judgment by eliminating therefrom the items included therein as expense incurred prior to May 20, 1938. As thus modified, the judgment is affirmed. It is ordered that the respondent recover its costs on this appeal.

Mr. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ANGSTMAN concur.