THE STATE OF MONTANA, ON THE RELATION OF WILLIAM J. NELSON, RELATOR, v. EDWARD C. ELLSWORTH, JR., AS WARDEN OF THE MONTANA STATE PRISON; TIM BABCOCK, GOVERNOR OF THE STATE OF MONTANA; FORREST H. ANDERSON, ATTORNEY GENERAL OF THE STATE OF MONTANA; AND FRANK MURRAY, SECRETARY OF STATE OF MONTANA, CONSTITUTING THE STATE BOARD OF PRISON COMMISSIONERS, RESPONDENTS.

No. 10476.
Submitted July 30, 1962. Decided October 17, 1962.
375 P.2d 316.

Wm. R. Taylor, Deer Lodge and M. K. Daniels (argued orally), Deer Lodge, for relator.

Forrest H. Anderson, Atty. Gen., Helena, Donald A. Doug-

las, Asst. Atty. Gen. (argued orally), Helena, Malcolm Mac-Calman, County Atty. (argued orally), Deer Lodge, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

An original petition was filed in this court praying for the issuance of a writ of mandate or other remedial writ to be directed to the Warden of the Montana State Prison and the State Board of Prison Commissioners. The petition alleged that on June 21, 1954, relator was convicted of the crime of burglary in the first degree and was sentenced to a term of ten years which he began serving on July 24, 1954, in the state prison; that on July 30, 1955, after serving one year and six days upon said sentence he was released from prison pending his appeal to this court; that upon such appeal the conviction was reversed on December 13, 1956, and a new trial ordered. That upon the new trial relator was again convicted of the crime of burglary in the first degree and was sentenced to a term in the state prison. He further alleged that under section 80-739, R.C.M.1947, which section was effective until April 1, 1955, he had earned and was entitled to one year, four months and twenty-three days for time served, statutory good time, and earned good or work time while he was imprisoned under the first conviction; that he had earned additional work time under section 80-740, R.C.M. 1947, as amended, during his second incarceration; that he had requested and demanded that the respondents, Warden and Board, allow credit for the time served, good time and work time earned and acquired by him during his first imprisonment but that respondents refused to do so.

It was further alleged that the question presented by relator had never been determined by this court, and since it appeared that the same question would relate to others serv-

ing sentences under similar situations this court issued an alternative writ in response to the prayer of the petition.

When the petition was presented ex parte to the court it was stated that the second sentence was for the same period as the first, being ten years.

Respondents made return and answer thereto and the cause was heard on oral argument. Respondents in their return and answer allege:

"That they are not required to, but rather are prohibited from, crediting relator's term of imprisonment under the judgment and conviction of April 15, 1957, (Cause No. 9845, Tr. 33, 34), with any alleged time served or earned good time resulting from imprisonment under the judgment and conviction of June 21, 1954 (Cause No. 9466, Tr. 16, 17).

"That relator had a plain, speedy and adequate remedy at law under sections 94-8101 and 94-8210, Revised Codes of Montana, 1947, which permit a defendant as a matter of right to appeal to this court from any judgment against him and ask for modification of the judgment. That relator did appeal from the judgment of April 15, 1957 (Cause No. 9845, Tr. 40) and from the whole and every part thereof but specified no error to the court regarding the sentence set out therein."

Respondents prayed that the alternative writ be discharged and the petition be dismissed.

Relator concedes that the early decisions of courts of last resort of other states held that if a judgment of conviction was reversed, and upon a new trial defendant was again convicted and sentenced, that he was not allowed credit against the second sentence for the time served under the first sentence. However, relator, relying upon authorities and reasoning of recent cases contends that such doctrine has been relaxed.

Since this is a case of first impression, before considering

cases of other jurisdictions we must examine the statutory law of Montana.

Relator was convicted of burglary in the first degree with a previous conviction. Section 94-903, R.C.M.1947, provides that the punishment therefor shall be imprisonment for not less than one nor more than fifteen years. Because of the prior conviction relator was subject to the provisions of section 94-4713, R.C.M.1947, which provides so far as pertinent here, as follows:

"*Second offense, how punished after conviction of former offense.* Every person who, having been convicted of any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison for any term exceeding five years, such person is punishable by imprisonment in the state prison not less than ten years."

By his appeal relator sought and was granted a new trial. Section 94-7602, R.C.M.1947, provides:

"The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict cannot be used or referred to either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the indictment or information."

It is very clear from previous holdings of this court that a reversal of a judgment of conviction upon appeal and a retrial does not constitute double jeopardy.

In State v. Aus, 105 Mont. 82, 86, 87, 69 P.2d 584, 585, this court said:

"The court properly denied the plea of once in jeopardy. When a new trial has been granted, as was the case here, defendant is not placed in a new jeopardy by the second trial,

but is merely subjected to the same jeopardy that he was in on the first trial. This court has so held in State v. Keerl, 33 Mont. 501, 85 P. 862, 865, where it was said: 'We are also of the opinion that after a verdict or a judgment of conviction or acquittal, the defendant in a criminal case has been in jeopardy, and may not be tried again for the same offense, except in the case of a new trial which has been granted or ordered. The jeopardy which is forbidden is a new jeopardy. In the case before us the defendant, when he went to trial the third time, was in the same jeopardy that he was in when the first trial was had. The continuance of the jeopardy is not a new jeopardy. A mistrial or a new trial secured by plaintiff or defendant, continued the jeopardy and does not renew it.'

"In 8 R.C.L. 160, it is said: 'It is generally conceded that a person convicted of a crime waives his constitutional protection against being twice in jeopardy where at his request the verdict against him is set aside and a new trial is granted, and therefore under such circumstances he may be tried again for the same offense, *even though he has served a part of the sentence imposed on him on the first conviction;* and the same result follows where he merely asks that a judgment against him be vacated though the court goes beyond what he asks and orders a new trial. In the application of this rule the ground on which the new trial was granted is not material, and therefore where a conviction and judgment are set aside on proceedings instituted by the defendant on the ground that he has been deprived of a right guaranteed to him by the Constitution, the plea of former jeopardy cannot avail to prevent a second trial.' And see Stroud v. United States, 251 U. S. 15, 40 S.Ct. 50, 64 L.Ed. 103, and State v. Thompson, 10 Mont. 549, 27 P. 349."

In State v. Snider, 111 Mont. 310, 111 P.2d 1047, this court stated:

"The defendant complains that the evidence does not justify the sentence imposed. While the sentence of ten years for

stealing fifty-six lambs is the maximum penalty for manslaughter, and the minimum penalty for second degree murder, this court has on previous occasions laid down the rule that it would not reduce the sentence by a trial court so long as the sentence was within the limit fixed by statute. State v. Willette, 46 Mont. 327, 127 P. 1013; State v. Fowler, 59 Mont. 346, 196 P. 992, 197 P. 847; State v. Schaffer, 59 Mont. 463, 197 P. 986.

"In some jurisdictions where the power of the appellate court is defined by statutes similar to ours, courts have reduced what appeared to be 'Draconian' penalties, but we adhere to our previous position and point out that any relief from such a sentence must come from the board of pardons."

The court in that case reiterated its long standing rule.

We did not depart from this rule in State v. Brown, 136 Mont. 382, 351 P.2d 219, where a sentence was reduced, because in that instance the district court was under the impression it was giving the minimum sentence and this court modified such sentence to the true minimum.

It clearly appears from our statutory law that the relator received the minimum sentence permissible under our law.

Section 94-4717, R.C.M.1947, provides:

"*When term of imprisonment commences, etc.* The term of imprisonment fixed by the judgment in a criminal action commences to run only upon the actual delivery of the defendant at the place of imprisonment, and if, thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment, and subsequently returned thereto, the time during which he was at large must not be computed as part of such term."

The sentence upon the second conviction would not commence to run until relator entered the prison. The respondent warden is governed by the provisions of section 94-8003, R.C.M.1947, which provides:

"If the judgment is for imprisonment, or a fine and imprisonment until it be paid, the defendant must forthwith be

committed to the custody of the proper officer, and by him detained until the judgment is complied with."

The warden would have no authority to change or alter the judgment of conviction in any particular.

Relator contends that a certificate of probable cause was denied by the judge who presided at his trial, and he therefore had to remain in the state prison following his first conviction until this court issued such a certificate. We have held that whenever the question of whether or not the conviction will be sustained on appeal is fairly debatable, such certificate should be granted by the district court. State v. Dahlgren, 74 Mont. 217, 239 P. 775. The members of this court have been extremely liberal in issuing certificates of probable cause when application has been made therefor. The fact that relator did not apply to any member of this court for such certificate for nearly a year after the denial in the district court certainly does not make the act of the district court either wrongful or unjustifiable because the issuance of the certificate is discretionary at all times. See section 94-8109, R.C.M. 1947.

From the foregoing discussion it will be seen that the statutory law of Montana prohibits granting the relief requested by the relator. In our view it is unnecessary to discuss cases from other jurisdictions since our law is binding upon us.

There is much that appeals to us from the fact situation in this matter, but we are powerless to grant relief. Relator is not without remedy as he can apply to the Governor for a commutation of sentence or pardon under the provisions of Art. VII, § 9, of our Constitution. Under the provisions of section 94-9832, R.C.M.1947, he is eligible to be considered for parole by the State Board of Pardons, but upon argument it appeared that while he has been eligible he has refused to consider it, preferring to serve out his sentence inside the walls of the state prison. This is a matter of his own choice. Many states have adopted statutes to cover situations such as we

have discussed here, and the Legislature may wish to give the matter consideration.

The alternative writ is discharged, and the cause is ordered dismissed.

MR. JUSTICES ADAIR, DOYLE, CASTLES, and JOHN C. HARRISON concur.