No. 14825

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

CURTIS CARDWELL,

Defendant and Appellant.

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

A. Michael Salvagni argued, Bozeman, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Donald White, County Attorney, Bozeman, Montana
Michael J. Lilly argued, Deputy County Attorney,
Bozeman, Montana

Submitted: October 31, 1979

Decided: APR 23 1980

Filed:

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

On December 8, 1978, the Honorable W. W. Lessley granted the Gallatin County attorney leave to file an information accusing appellant, Curtis Cardwell, of committing the offenses of aggravated assault, tampering with witnesses, and aggravated kidnapping. Cardwell pleaded not guilty to all three counts, and trial was set for January 26, 1979.

On January 17, 1979, the State filed an amended information without leave of court pursuant to section 46-11-403(1), MCA. The amended information changed the nature of the aggravated assault charge against Cardwell by adding the allegation that he committed the crime by threatening Jeff Sawyer with serious bodily injury by the use of a knife. The amendments to the original information further altered the information by charging Cardwell with aiding or abetting another in committing the offense of tampering with witnesses rather than actually committing the crime as charged in the original information. The amended information also eliminated the aggravated kidnapping charge.

Cardwell moved to dismiss the amended information alleging that the filing of an amended information without leave of court was unconstitutional, that Count I was duplicitous, and that Count II had been filed without the showing of probable cause. The District Court denied the motion, and Cardwell was tried on the information on January 29 and 30, 1979. A jury found Cardwell guilty of both offenses charged in the amended information. This appeal followed.

The thrust of appellant's argument on appeal centers around a challenge to section 46-11-403(1), MCA. That statute permits an information to be amended once as to

-2-

substance prior to trial without leave of court. Appellant contends that allowing substantive changes in an information without judicial examination is unconstitutional. Appellant raises his constitutional challenge to section 46-11-403(1), MCA, under Article II, Section 20, 1972 Montana Constitution. That constitution provision states in pertinent part:

> "All criminal actions in district court, except those on appeal, shall be prosecuted either by information, after examination and commitment by a magistrate or after leave granted by the court, or by indictment without such examination, commitment, or leave."

Reading this section of the Constitution broadly, all stages of the information filing process including amendments require judicial examination. Under this interpretation of the provision, section 46-11-403(1) conflicts with the Constitution by allowing an information to be amended without leave of court. As such, the statute would be void. If, however, Article II, Section 20, is construed more narrowly to apply only to the initiation of criminal actions, legislative control of subsequent stages of the information process would be constitutional. Construing the provision in this fashion would allow the amendment without leave of court statute to stand.

To determine the meaning of Article II, Section 20, 1972 Montana Constitution, we must employ the same rules of construction employed to construe statutes. Keller v. Smith (1976), 170 Mont. 399, 404, 553 P.2d 1002, 1006. The intent of the framers of a constitution provision controls its meaning. Keller, 170 Mont. at 405, 553 P.2d at 1006. The intent of the framers should be determined from the plain meaning of the words used. If that is possible, we apply no other means of interpretation. Keller, 170 Mont. at 405, 553 P.2d at 1006.

The question now becomes whether the constitution provision is ambiguous. The State argues that Section 20 of Article II is ambiguous. It contends that the key word in the provision is "prosecuted." The State asserts that prosecuted can mean either institute or institute and carry forward. The State argues that interchanging these two meanings of the term results in different consequences in this case. If prosecuted is taken to mean institute, Article II, Section 20, applies only to the commencing of criminal actions. Section 46-11-403(1), MCA, which applies to amendments made after an action begins, would be constitutional under this analysis. The second usage of the term, institute and carry forward, would make the constitution provision applicable to all steps in the information filing process including the filing of amendments. Section 46-11-403(1) would be unconstitutional under this interpretation of prosecute as it allows amendments without leave of court in direct conflict with the constitutional provision.

Given this ambiguity, the State contends we must look to other means of interpreting Article II, Section 20, to determine its meaning. We do not find it necessary to do so because we are not persuaded by the State's argument that the term "prosecuted" is ambiguous. The terms "prosecute" and "prosecution" have long been defined in the judicial setting. As long ago as 1821, Chief Justice Marshall said, "To commence a suit, is to demand something by the institution of process in a court of justice; and to prosecute the suit, is, according to the common acceptation of language, to continue that demand." Cohens v. Virginia (1821), 19 U.S. 264, 408, 5 L.Ed. 257, 292, 6 Wheat. 264. Since Cohens, numerous other courts have also defined prosecute or prose-

-4-

cution to mean institute and carry forward. For example, the Virginia Supreme Court stated:

> "In common and ordinary acceptation, according to the definition given by lexicographers, and authorities generally, the word 'prosecution' means the institution and carrying on of a suit or proceeding to obtain or enforce some right or the process of trying formal charges against an offender before a legal tribunal.

> "In criminal law, it is the means adopted to bring a supposed criminal to justice and punishment by due course of law, and consists of a series of proceedings from the time formal accusation is made by swearing out a warrant, the finding of an indictment or information in a criminal court, the trial, and final judgment. [Citations omitted.]" Sigmon v. Commonwealth (1958), 200 Va. 258, 105 S.E.2d 171, 178.

See also: Florida ex rel. Shevin v. Exxon Corp. (5th Cir. 1976), 526 F.2d 266, 270, footnote 16, cert. denied 429 U.S. 829; Commonwealth v. Fattizzo (1972), 223 Pa.Super. 378, 299 A.2d 22, 28, footnotes 15-16; State v. Harvey (1972), 281 N.C. 1, 187 S.E.2d 706, 717; Thacker v. Marshall (Okla. 1958), 331 P.2d 488, 492, footnote 4; State v. Shushan (1944), 206 La. 415, 19 So.2d 185, 192; State v. Bowles (1905), 70 Kan. 821, 79 P. 726, 728.

In Montana we have not yet been so explicit in adopting a definition of "prosecution" or "prosecute." However, we did speak to the issue in Rosebud County v. Flinn (1940), 109 Mont. 537, 98 P.2d 330. There, we held that while the term prosecution was not broad enough to encompass investigation before filing a complaint or information, the term was broad enough to take in the trial and other proceedings previous to trial. 109 Mont. at 541-42, 98 P.2d at 333-34. Although Rosebud County does not specifically state which parts of the prosecution of a criminal action are included in the "prosecution" of the action, the broad language used to define prosecution indicates Montana intended to adopt

-5-

the general definition of prosecution that would include amendments to a criminal information.

The above analysis illustrates the clear and unambiguous meaning of Article II, Section 20, 1972 Montana Constitution. All criminal actions prosecuted--initiated and carried forward--by information must be examined and committed by a magistrate or must be carried forward after leave granted by the court. Thus, all stages of proceeding by information including amendments to the information must be reviewed by the court. Any statute that allows for amendments without leave of court conflicts with this constitution provision and must fall. Section 46-11-403(1) allows for amendment of criminal informations without judicial supervision. The statute, therefore, conflicts with the Constitution and must be declared invalid. We now so hold.

In declaring the substantive amendment without leave of court statute unconstitutional, we do not intend to totally preclude substantive amendments to criminal informations. It has long been held that an information can be amended both as to form and substance. United States v. Smith (D.C. Pa. 1952), 107 F.Supp. 839. On amendment of an information, however, certain procedural safeguards must be imposed. The above discussion indicates amendments of substance can only be filed with leave of court. This safeguard is necessary not only to comply with Montana's constitutional requirements, but also to ensure a defendant receives a neutral determination of probable cause for detention under the amended charges. See Gerstein v. Pugh (1975), 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54. Another procedural safeguard involves notice to the defendant. One function of an infor-

mation is to notify a defendant of the offense charged, thereby giving the defendant an opportunity to defend. State v. Tropf (1975), 166 Mont. 79, 88, 530 P.2d 1158, 1163; State v. Heiser (1965), 146 Mont. 413, 416, 407 P.2d 370, 371. This function of the information cannot be dispensed with when the information is amended as to substance. The defendant must be notified of the change and afforded a reasonable time after the amendment to prepare a defense. Further, when an amended information is filed substantively changing the charges against a defendant, the defendant should be arraigned under the new charges. State v. Butler (1969), 9 Ariz.App. 162, 450 P.2d 128, 131; Hanley v. Zenoff (1965), 81 Nev. 9, 398 P.2d 241, 242. See also, State v. DeWolfe (1904), 29 Mont. 415, 417-19, 74 P. 1084, 1085. We see no bar to substantively amending criminal informations if these procedures are followed.

Having found the amendment without leave of court statute unconstitutional, we are constrained to dismiss the amended information filed here. Section 46-11-403(1) being unconstitutional, the amended information should have been dismissed by the District Court on the original motion by Cardwell, and he should not have proceeded to trial on the charges in the amended information. Since the District Court failed to dismiss the amended information, we must do so now. However, in ordering the dismissal of the amended information, we do not mean to preclude the State from refiling charges against Cardwell with proper judicial supervision. We see no merit to Cardwell's argument that the State did not have probable cause to file any charges against him and are reversing this conviction based solely on the District Court's improper ruling on the constitutional claim.

-7-

The cause is reversed and the amended information against defendant ordered dismissed.

_____
                                     Justice

We concur:

_____
            Chief Justice

_____

_____

_____
            Justices