No. 80-314

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

CURTIS CARDWELL,

Defendant and Appellant.

---

Appeal from:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin.
Hon. W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

A. Michael Salvagni argued, Bozeman, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Chris Tweeten appeared, Assistant Attorney General,
Helena, Montana
Donald White, County Attorney, Bozeman, Montana
Michael Lilly argued, Deputy County Attorney, Bozeman,
Montana

---

Submitted:  February 17, 1981

Decided:  MAR 24 1981

Filed: MAR 24 1981

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Cardwell appeals his conviction by a Gallatin County jury of tampering with a witness and misdemeanor assault.

In State v. Cardwell (1980), ___ Mont. ___, 609 P.2d 1230, 37 St.Rep. 750, we reversed the defendant's first convictions on charges of aiding and abetting another in the commission of the offense of tampering with witnesses and aggravated assault. In doing so, we ruled that section 46-11-403, MCA, allowing the amendment of a criminal information without leave of court, was unconstitutional.

After the opinion was entered, Cardwell asked this Court for an order discharging him from the state prison. We ordered him released and bound over to Gallatin County authorities for rearraignment on the original charges. Defendant moved the District Court for dismissal on the grounds of double jeopardy and speedy trial violations. The motion was denied.

The cause went to trial on June 10, 1980. The jury returned a verdict of guilty on the lesser included offenses of misdemeanor assault and tampering with a witness, a felony. This appeal follows.

The underlying facts of this case have no bearing on the issues involved in the appeal and will not be recited. They can be found in our first Cardwell opinion, cited above.

Defendant offers three issues for our review:

1.  Did the second trial violate defendant's right to be protected against double jeopardy as guaranteed by the United States Constitution and the Montana Constitution?

2.  Did the action of this Court and the subsequent

-2-

detention and trial violate defendant's rights under the due process clauses of the United States Constitution and the Montana Constitution?

3. Was defendant's right to a speedy trial denied?

## Double Jeopardy

This Court's remand order in State v. Cardwell, supra, provided: "The cause is reversed and the amended information against the defendant is ordered dismissed."

Cardwell maintains that his second trial violated his constitutional rights against double jeopardy. Benton v. Maryland (1969), 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. See also Art. II, Section 25, 1972 Mont. Const.

Defendant cites numerous decisions by this Court for the proposition that double jeopardy exists whenever this Court fails to order a new trial. State v. Hodgson (1979), ____ Mont. ____, 603 P.2d 246, 36 St.Rep. 2121; State v. Holliday (1979), ____ Mont. ____, 598 P.2d 1132, 36 St.Rep. 1535; State ex rel. Nelson v. Ellsworth (1962), 141 Mont. 78, 375 P.2d 316. We do not agree that such a rule can be found in these decisions.

In Ellsworth, supra, this Court explained that the rule of law was clear: ". . . a reversal of a judgment of conviction upon appeal and a retrial does not constitute double jeopardy." 141 Mont. at 81.

The rule in Ellsworth was based on the case of State v. Aus (1937), 105 Mont. 82, 69 P.2d 584. Cardwell underscores the language of Aus for the purpose of emphasizing several points: (1) when a new trial is granted, the defendant is not placed in double jeopardy but

-3-

merely subjected to the same jeopardy he was in during the first trial; (2) the defendant may not be tried again for the same offense except in the case where a new trial is granted or ordered; and (3) a person convicted of a crime waives his constitutional protection against being twice in jeopardy where at his request the verdict against him is set aside and a new trial granted.

Defendant Cardwell admits that if this Court had ordered or granted a new trial, as in <u>Aus</u> and its progeny, he would not have been able to claim that he was placed in double jeopardy by the second trial. Cardwell concludes that the salient distinction between the precedent cases cited and his case is the absence of an express order of this Court directing the new proceeding.

The issue before us is more properly framed in terms of whether the failure to specifically and expressly order a new trial necessarily precludes further action. It is our opinion that it does not.

Cardwell correctly recites the case law applicable to former jeopardy protections as they have been interpreted by this Court in the <u>Aus</u> line of cases. We are not persuaded by defendant's logic, however, that the remand order must order a new trial for one to occur. Our remand orders do not exist in the abstract, independent of the supporting opinion. In the body of the <u>Cardwell</u> opinion, we wrote:

> "Section 46-11-403(1) being unconstitutional, the amended information should have been dismissed by the District Court on the original motion by Cardwell, and he should not have proceeded to trial on the charges in the amended information. Since the District Court failed to dismiss the amended information, we must do so now. However, <u>in ordering the dismissal of the amended information, we do not mean to preclude the</u>

-4-

State from refiling charges against Cardwell
with proper judicial supervision." (Emphasis
added.)

It is unreasonable to urge this Court to disregard its own language. Clearly, it was our intention to leave the door open to retrial. Any ambiguity created because of the wording of the remittitur order is eliminated by referring to the above language. We conclude, therefore, that a new trial was indeed granted by the original opinion, and we are compelled by the precedent cited by defendant to hold that his former jeopardy rights were not violated by his second trial.

## Due Process

On April 23, 1980, Cardwell petitioned this Court for an order discharging him from custody in compliance with section 46-20-707, MCA.

In a May 1, 1980, order this Court discharged Cardwell from the state prison and directed that he be returned to Gallatin County for rearraignment on the original charges. Cardwell now objects on the ground that he was denied due process of law, citing the Fifth and Fourteenth Amendments to the United States Constitution and Article II, Section 17, of the 1972 Montana Constitution.

Cardwell maintains that this Court did not have the authority to order him rearraigned under the original charges in the absence of a new trial order in the original opinion of this Court. As with defendant's double jeopardy argument, his initial premise that we did not grant a new trial is erroneous. Only if we were persuaded of that fact would Cardwell's due process claims have any possible

validity. We are not so persuaded.

The statute we are charged with disregarding, section 46-20-707, MCA, provides that, "[i]f a judgment against the defendant is reversed without ordering a new trial," this Court must direct that the defendant be discharged from custody. This argument again urges this Court to disregard the language of the original opinion stating unquestionably that the reversal of the District Court's judgment on the amended information did not preclude the refiling of charges against this defendant. In light of the fact that we did indeed grant a new trial, our action was beyond the parameters of section 46-20-707, MCA, and this Court was not bound by its provisions.

Cardwell further argues that the original information had no effect since it became functus officio upon the filing of the amended information. 42 C.J.S. Indictments and Informations § 238 at 1248. Therefore, when the amended information was dismissed, there was no information then existing and Cardwell was illegally detained. This Court is of the opinion that the defendant has incorrectly interpreted the operation of the doctrine and that he misconstrues the effect of this Court's order dismissing the amended information.

Although the question is one of first impression for this Court, it is our opinion that the original pleadings would become functus officio only if the amended information were valid. This Court held in the first Cardwell opinion that the amended pleading was not valid under the Constitution. As a result, the invalid amendment could not render the original information functus officio. This

-6-

ruling adopts the position enunciated in State v. Thompson (Mo. 1965), 392 S.W.2d 617, that where an unauthorized or otherwise improper amended information is quashed or dismissed, further proceedings may be had on the original information.

This Court's order dismissing the amended information simply wiped the slate clean in District Court from that point in time at which we determined that the State's amended information had not been properly filed. The order had no effect on the proceedings that occurred prior to that time, including the filing of the original information. As a result, this Court properly ordered that defendant be bound over to the District Court to proceed from that point.

## Speedy Trial

Cardwell cites our decision in State v. Harvey (1979), ____ Mont. ____, 603 P.2d 661, 36 St.Rep. 2035, arguing that when this Court considers the factors relating to speedy trial guarantees we should reverse his conviction.

The defendant alleges that unnecessary delay has deprived him of his right to a speedy trial, and specifically names this Court as the primary malingerer in the resolution of his first appeal. Cardwell claims that the 174 days we used to decide the case was unreasonable and that his conviction should be reversed. We cannot agree.

Once again defendant's assignment of error hinges upon a finding that there was no new trial granted by us in the previous Cardwell opinion. For the reasons discussed above, we find that we granted a new trial by the language of the opinion, if not by the remittitur order. This being

-7-

the case, Cardwell is in error when he argues that the crucial time frame began upon his arrest. We adopted the position in State v. Sanders (1973), 163 Mont. 209, 516 P.2d 372, that, in cases of retrial, it is the time of the remittitur which is controlling in determining defendant's relative speedy trial rights.

In this case, the time elapsed between this Court's remittitur and defendant's second trial was thirty-three days. We do not find this period offensive to Cardwell's constitutional guarantees or prejudicial to his cause. Compare State v. Harvey, supra.

We affirm.

_____
Justice

We concur:

_____
_____
_____
_____
Justices