NO. 94-243

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

BARBARA STROBEL,

      Defendant and Appellant.


APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter Rapkoch, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

       Craig R. Buehler, Lewistown, Montana

      For Respondent:

       Hon. Joseph P. Mazurek, Attorney General:
       John Paulson, Assistant Attorney General, Helena,
       Montana

       Thomas P. Meissner, Fergus County Attorney,
       Lewistown, Montana

FILED

NOV 2 2 1994

Filed:

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: September 22, 1994

Decided: November 22, 1994

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Barbara Strobel pled guilty to felony theft before the District Court for the Tenth Judicial District, Fergus County. She appeals an issue reserved from her motion to dismiss the information filed against her. We affirm.

The issue is whether the District Court erred in denying Strobel's motion to dismiss because the information was not filed within thirty days after she waived her right to a preliminary examination.

On August 26, 1993, Barbara Strobel was arrested on a charge of felony theft on a Fergus County Justice Court complaint, arrest warrant, and search warrant. Strobel was employed at Eddie's Corner, a business establishment located at the intersection of U.S. Highways 87 and 191. She was charged with pocketing money and failing to ring up receipts while she worked as a cashier.

On August 27, 1993, Strobel made an initial appearance before the Justice Court, where she was informed of the charges against her. She waived preliminary examination. The Justice of the Peace informed Strobel that her case would be bound over to District Court and appointed an attorney to represent her.

The first document filed in District Court was Strobel's September 3, 1993 motion to be released on her own recognizance. On September 27, 1993, the Fergus County Attorney filed a motion for leave to file an information in District Court charging Strobel

2

with felony theft in violation of § 45-6-301, MCA. The County Attorney filed *an* affidavit of probable cause in support of his motion. The following day, September 28, 1993, the District Court granted leave to file the information, which the County Attorney then filed.

On September 29, 1993, Strobel moved to dismiss the information on grounds that it had not been filed within the thirty-day time period prescribed in § 46-11-203, MCA. The District Court denied that motion and also denied Strobel's motion to be released on her own recognizance.

Strobel subsequently pled guilty to the charged offense, reserving the right to appeal the issue raised in her September 29 motion to dismiss. She has been sentenced, and now appeals.

Did the District Court err in denying Strobel's motion to dismiss the information because it was not filed within thirty days after she waived her right to a preliminary examination?

Under § 46-11-101, MCA, a prosecution may be commenced in Montana courts by: (1) a complaint: (2) an information following a preliminary examination or waiver of a preliminary examination: (3) an information after leave of court has been granted: or (4) a grand jury indictment. All prosecutions of offenses charged in a district court must be by indictment or information and all other prosecutions must be by complaint. Section 46-11-102, MCA.

3

A justice court has jurisdiction to act as an examining and committing court in cases involving felony offenses, such as the one with which Strobel was charged. Art. VII, Sec. 5(2), Mont. Const. ; § 3-10-303, MCA. In such a case, § 46-10-106, MCA, provides that if the defendant waives a preliminary examination, "the judge shall hold the defendant to answer to the court having jurisdiction of the offense."

Section 46-11-203, MCA, provides:

(1) After a finding of probable cause following a preliminary examination or waiver of a preliminary examination or after leave of court has been granted, the prosecutor shall file within 30 days in the proper district court an information charging the defendant with the offense or any other offense supported by probable cause.

(2) Unless good cause to the contrary is shown, the court shall dismiss the prosecution if an information is not filed within 30 days as required in subsection (1).

As described above, Strobel was arrested upon a complaint and made her initial appearance in justice court. She argues that the charges against her should have been dismissed pursuant to subsection (2) above, because the information was filed in District Court more than thirty days after she waived a preliminary examination in justice court.

However, here, the information was filed in the District Court only after the County Attorney obtained leave of the court to file the information, an alternative method allowed under § 46-11-101, MCA, for commencing a prosecution. The requirements of § 46-11-

4

203, MCA, were met, because the information was filed within thirty days after the District Court granted the County Attorney leave to file the information.

Strobel contends that the State cannot switch midstream in a prosecution from using the preliminary examination process in justice court to using the leave to file information process in district court. She argues that the words "dismiss the prosecution" in § 46-11-203(2), MCA, precluded the State from filing any information against her based on these offenses more than thirty days after she waived preliminary examination.

Strobel cites State v. Cardwell (1980), 187 Mont. 370, 609 P.2d 1230, appeal after remand 191 Mont. 539, 625 P.2d 553. In that case, this Court indicated approval of the definition of prosecution as "a series of proceedings from the time formal accusation is made by swearing out a warrant, the finding [sic] of an indictment or information in a criminal court, the trial, and final judgment." Cardwell, 609 P.2d at 1233. This Court held that the term "prosecute" included the amendment of a criminal information. Cardwell, 609 P.2d at 1233. Neither that definition of prosecution nor the holding in Cardwell resolves this case.

If the District Court had dismissed the prosecution against Strobel pursuant to § 46-11-203(2), MCA, the effect would have been the discharge of Strobel and the exoneration of her bail. Section 46-13-402, MCA. Strobel has not provided persuasive authority for

5

her contention that a dismissal under § 46-11-203(2), MCA, is with prejudice. The County Attorney would not have been precluded from commencing another prosecution for the same offense.'

Although a criminal defendant has a right to an independent judicial determination of probable cause, the defendant has no vested right to a particular procedure for the probable cause determination. State v. Higley (1980), 190 Mont. 412, 418-19, 621 P.2d 1043, 1048. By filing a complaint in justice court, the State is not committed to the procedure by which probable cause will be determined; the prosecution may employ the alternative procedure of obtaining leave of court to file an information directly in district court. State v. Dunn (1970), 155 Mont. 319, 325, 472 P.2d 288, 292.

In this case, Montana law would have permitted but did not require the County Attorney to file, within thirty days of Strobel's waiver of preliminary examination, an information commencing the prosecution in District Court without first seeking leave of court. In that situation, Strobel's waiver of a preliminary examination would constitute an admission of the existence of probable cause. Alternatively, the County Attorney was permitted

---

'The right to speedy trial as defined by § 46-13-401(2), MCA, and the United States and Montana Constitutions would limit the right to commence another prosecution. However, violation of Strobel's right to speedy trial has not been alleged.

but not required by Montana law to seek leave of the District Court to file an information, by filing a motion supported by an affidavit showing probable cause to believe Strobel committed felony theft.

The District Court's file does not contain a record of Strobel's waiver of the right to preliminary examination in the justice court proceedings. Montana statutes and justice court rules do not set forth the manner in which the justice court is to hold the defendant to answer to the court having jurisdiction; there is no provision requiring the transfer of documents or records from justice court to district court. It appears that such a provision may be advisable. Where, as here, the district court record does not contain the defendant's waiver of the right to preliminary examination in the justice court proceedings, we conclude it is reasonable for the county attorney to file documents in district court which set forth the facts as alleged by the State and which demonstrate probable cause to prosecute the defendant.

The State invites this Court to clarify which court had jurisdiction to consider Strobel's conditions of release during the period between her waiver of preliminary examination and the filing of the information in District Court. Section 46-9-311, MCA, provides that the court before which the proceeding is pending, or in this case, the District Court, has jurisdiction to do so. Where, as was the situation for thirty-one days in this case, an

7

information has not yet been filed in district court, the remedy of habeas corpus would also be available, by which the district court or this Court could be asked to rule upon the legality of the conditions of bail established by the justice court.

We affirm the decision of the District Court denying Strobel's motion to dismiss the information filed against her.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

8

Justice James C. Nelson dissenting.

I respectfully dissent. In my view, once the accused waives preliminary examination in justice court, the State is required under the clear and unambiguous language of § 46-11-203(1), MCA, to file an information within 30 days in district court. If the information is not filed within 30 days, absent a demonstration of good cause by the State, the district court is required to dismiss the prosecution with prejudice under subsection (2) of that statute.

In this case, the State did not file an information within 30 days of the date that the accused waived preliminary examination. Filing a motion for leave to file an information is not filing the information itself; a prosecution is commenced by filing an information, not by applying to file an information. Sections 46-11-101, MCA, and 46-11-201, MCA. Contrary to the State's argument and the District Court's ruling, the mandatory duty under § 46-11-203(1), MCA, to file an information within 30 days of the accused's waiver of preliminary examination is not fulfilled by "substantial compliance" with the statute.

Moreover, the State did not demonstrate good cause for failing to file the information within the time required. As the State points out in its brief, "good cause" has been generally defined as a "substantial" or "legally sufficient" reason. State v. Rozzell (1971), 157 Mont. 443, 450, 486 P.2d 877, 881. It borders on the absurd to conclude that the State simply taking the steps necessary to commence the prosecution is a substantial or legally sufficient

9

reason for not complying with the statutory mandate to file the information within 30 days. Simply failing to comply with the statute can hardly constitute the good cause necessary to justify failing to comply with the statute. Presumably, if the legislature had deemed it sufficient for the State to file the paperwork necessary to commence the prosecution in district court within 30 days, rather than to actually commence the prosecution, § 46-11-203, MCA, would have so provided.

Under the circumstances here, Strobel was entitled to have the prosecution against her dismissed. In my view that dismissal should have, necessarily, been with prejudice, for to conclude otherwise would allow the State to simply file a new information and re-institute the prosecution with the result that the sanction prescribed by the legislature in § 46-11-203(2), MCA, would be meaningless. We presume that the legislature would not pass a meaningless statute. Mont. Contractors' Ass'n, Inc. v. Dept. of Highways (1986), 220 Mont. 392, 395, 715 P.2d 1056, 1058.

Furthermore, subsection (2) requires, significantly, that the district court dismiss the "prosecution," and not simply the document which commences the prosecution, i.e., the information. To "prosecute" an action is not merely to commence it, but includes following it to an ultimate conclusion. A "prosecution" is "[t]he continuous following up, through instrumentalities created by law, of a person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused." Black's Law Dictionary, 5th Ed. at page

10

1099.   See also Rosebud County v. Flinn (1940), 109 Mont. 537, 541-42, 98 P.2d 330, 333-34; State v. Cardwell (1980), 187 Mont. 370, 374-75, 609 P.2d 1230, 1232-33, appeal after remand 191 Mont 539, 625 P.2d 553.   Again, the legislature's mandate that if the information is not timely filed, the "prosecution" be dismissed, clearly contemplates that the entire criminal proceedings against the defendant be terminated with prejudice, if the statute is to have any meaning or purpose.

While this Court's opinion is correct in stating that the methods of commencing a criminal prosecution under § 46-11-101, MCA, are in the alternative and that the defendant has no vested right to a particular procedure for determining probable cause or commencing a criminal prosecution, it is my opinion that once the 30 day clock begins to run by the accused's waiver of preliminary examination in justice court, it is mandatory that the State, by whatever means it chooses under § 46-11-101, MCA, file an information in district court within the statutory time limit or, to demonstrate good cause why that was not accomplished.   Under such circumstances, whether the State files the information under subsection (2) of the statute or after leave of court under subsection (3) of § 46-11-101, MCA, is immaterial, as long as the information is filed within the 30 day period required by § 46-11-203(1), MCA.

Our conclusion that "Montana law would have permitted but did not require the county attorney to file, within thirty days of Strobel's waiver of preliminary examination, . . . without first

11

seeking leave of court" is misleading. Section 46-11-203, MCA, is mandatory, not permissive. "[T]he prosecutor shall file within 30 days . . . an information. . . ." Section 46-11-203(1), MCA. "[T]he court shall dismiss the prosecution if an information is not filed within 30 days as required in subsection (1)." Section 46-11-203(2), MCA. (Emphasis added). True, the State could have sought leave of court and could have filed an information within the 30 days after the accused's waiver of preliminary examination. It does not follow, however, that, once the 30 day clock began to run by the accused's waiver of preliminary examination, the State could simply ignore its statutory obligation to file, let that time expire, and then obtain leave of court and file its information at a later date. The plain mandatory language of the statute, simply does not permit such an interpretation.

Finally, while the record of the accused's waiver of preliminary examination was not in the form of a written record, and while I agree with this Court that there should be a statutory requirement for such a record, there is nothing in this case to indicate that Strobel did not waive her right to preliminary examination by failing to request one on August 27th at her initial appearance in justice court. Apparently, the justice of the peace and the accused had no problem in reaching that conclusion.

The long and short of it is that in this case the State did not file an information within 30 days of Strobel's waiver of preliminary examination in justice court as required by § 46-11-203(1), MCA; the State did not demonstrate good cause why it failed

12

to do so as required by § 46-11-203(2), MCA; and, under such circumstances, the District Court was required, pursuant to § 46-11-203(2), MCA, to dismiss the prosecution--in my view, with prejudice.

Accordingly, I would reverse and remand for entry of an order dismissing the prosecution against Strobel with prejudice to the merits. From our failure to so hold, I respectfully dissent.

_____
Justice

Justice Karla M. Gray joins in the foregoing dissent.

_____
Justice