CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Barbara Strobel pled guilty to felony theft before the District Court for the Tenth Judicial District, Fergus County. She appeals an issue reserved from her motion to dismiss the information filed against her. We affirm.
*131 The issue is whether the District Court erred in denying Strobel’s motion to dismiss because the information was not filed within thirty days after she waived her right to a preliminary examination.
On August 26, 1993, Barbara Strobel was arrested on a charge of felony theft on a Fergus County Justice Court complaint, arrest warrant, and search warrant. Strobel was employed at Eddie’s Corner, a business establishment located at the intersection of U.S. Highways 87 and 191. She was charged with pocketing money and failing to ring up receipts while she worked as a cashier.
On August 27,1993, Strobel made an initial appearance before the Justice Court, where she was informed of the charges against her. She waived preliminary examination. The Justice of the Peace informed Strobel that her case would be bound over to District Court and appointed an attorney to represent her.
The first document filed in District Court was Strobel’s September 3,1993 motion to be released on her own recognizance. On September 27, 1993, the Fergus County Attorney filed a motion for leave to file an information in District Court charging Strobel with felony theft in violation of § 45-6-301, MCA. The County Attorney filed an affidavit of probable cause in support of his motion. The following day, September 28,1993, the District Court granted leave to file the information, which the County Attorney then filed.
On September 29,1993, Strobel moved to dismiss the information on grounds that it had not been filed within the thirty-day time period prescribed in § 46-11-203, MCA. The District Court denied that motion and also denied Strobel’s motion to be released on her own recognizance.
Strobel subsequently pled guilty to the charged offense, reserving the right to appeal the issue raised in her September 29 motion to dismiss. She has been sentenced, and now appeals.
Did the District Court err in denying Strobel’s motion to dismiss the information because it was not filed within thirty days after she waived her right to a preliminary examination?
Under § 46-11-101, MCA, a prosecution may be commenced in Montana courts by: (1) a complaint; (2) an information following a preliminary examination or waiver of a preliminary examination; (3) an information after leave of court has been granted; or (4) a grand jury indictment. All prosecutions of offenses charged in a district court must be by indictment or information and all other prosecutions must be by complaint. Section 46-11-102, MCA.
A justice court has jurisdiction to act as an examining and committing court in cases involving felony offenses, such as the one *132 with which Strobel was charged. Art. VII, Sec. 5(2), Mont. Const.; § 3-10-303, MCA. In such a case, § 46-10-106, MCA, provides that if the defendant waives a preliminary examination, “the judge shall hold the defendant to answer to the court having jurisdiction of the offense.” Section 46-11-203, MCA, provides:
(1) After a finding of probable cause following a preliminary examination or waiver of a preliminary examination or after leave of court has been granted, the prosecutor shall file within 30 days in the proper district court an information charging the defendant with the offense or any other offense supported by probable cause.
(2) Unless good cause to the contrary is shown, the court shall dismiss the prosecution if an information is not filed within 30 days as required in subsection (1).
As described above, Strobel was arrested upon a complaint and made her initial appearance in justice court. She argues that the charges against her should have been dismissed pursuant to subsection (2) above, because the information was filed in District Court more than thirty days after she waived a preliminary examination injustice court.
However, here, the information was filed in the District Court only after the County Attorney obtained leave of the court to file the information, an alternative method allowed under § 46-11-101, MCA, for commencing a prosecution. The requirements of § 46-11-203, MCA, were met, because the information was filed within thirty days after the District Court granted the County Attorney leave to file the information.
Strobel contends that the State cannot switch midstream in a prosecution from using the preliminary examination process in justice court to using the leave to file information process in district court. She argues that the words “dismiss the prosecution” in § 46-11-203(2), MCA, precluded the State from filing any information against her based on these offenses more than thirty days after she waived preliminary examination.
Strobel cites State v. Cardwell (1980), 187 Mont. 370, 609 P.2d 1230, appeal after remand (1981), 191 Mont. 539, 625 P.2d 553. In that case, this Court indicated approval of the definition of prosecution as “a series of proceedings from the time formal accusation is made by swearing out a warrant, the finding [sic] of an indictment or information in a criminal court, the trial, and final judgment.” Cardwell, 609 P.2d at 1233. This Court held that the term “prosecute” included the amendment of a criminal information. Cardwell, 609 *133 P.2d at 1233. Neither that definition of prosecution nor the holding in Cardwell resolves this case.
If the District Court had dismissed the prosecution against Strobel pursuant to § 46-11-203(2), MCA, the effect would have been the discharge of Strobel and the exoneration of her bail. Section 46-13-402, MCA. Strobel has not provided persuasive authority for her contention that a dismissal under § 46-11-203(2), MCA, is with prejudice. The County Attorney would not have been precluded from commencing another prosecution for the same offense.[1]
Although a criminal defendant has a right to an independent judicial determination of probable cause, the defendant has no vested right to a particular procedure for the probable cause determination. State v. Higley (1980), 190 Mont. 412, 418-19, 621 P.2d 1043, 1048. By filing a complaint in justice court, the State is not committed to the procedure by which probable cause will be determined; the prosecution may employ the alternative procedure of obtaining leave of court to file an information directly in district court. State v. Dunn (1970), 155 Mont. 319, 325, 472 P.2d 288, 292.
In this case, Montana law would have permitted but did not require the County Attorney to file, within thirty days of Strobel’s waiver of preliminary examination, an information commencing the prosecution in District Court without first seeking leave of court. In that situation, Strobel’s waiver of a preliminary examination would constitute an admission of the existence of probable cause. Alternatively, the County Attorney was permitted but not required by Montana law to seek leave of the District Court to file an information, by filing a motion supported by an affidavit showing probable cause to believe Strobel committed felony theft.
The District Court’s file does not contain a record of Strobel’s waiver of the right to preliminary examination in the justice court proceedings. Montana statutes and justice court rules do not set forth the manner in which the justice court is to hold the defendant to answer to the court having jurisdiction; there is no provision requiring the transfer of documents or records from justice court to district court. It appears that such a provision may be advisable. Where, as here, the district court record does not contain the defendant’s waiver of the right to preliminary examination in the justice court proceedings, *134 we conclude it is reasonable for the county attorney to file documents in district court which set forth the facts as alleged by the State and which demonstrate probable cause to prosecute the defendant.
The State invites this Court to clarify which court had jurisdiction to consider Strobel’s conditions of release during the period between her waiver of preliminary examination and the filing of the information in District Court. Section 46-9-311, MCA, provides that the court before which the proceeding is pending, or in this case, the District Court, has jurisdiction to do so. Where, as was the situation for thirty-one days in this case, an inform ation has not yet been filed in district court, the remedy of habeas corpus would also be available, by which the district court or this Court could be asked to rule upon the legality of the conditions of bail established by the justice court.
We affirm the decision of the District Court denying Strobel’s motion to dismiss the information filed against her.
JUSTICES HARRISON, TRIEWEILER, HUNT and WEBER concur.

. The right to speedy trial as defined by § 46-13-401(2), MCA, and the United States and Montana Constitutions would limit the right to commence another prosecution. However, violation of Strobel’s right to speedy trial has not been alleged.