JUSTICE NELSON
dissenting.
I respectfully dissent. In my view, once the accused waives preliminary examination in justice court, the State is required under the clear and unambiguous language of § 46-11-203(1), MCA, to file an information within 30 days in district court. If the information is not filed within 30 days, absent a demonstration of good cause by the State, the district court is required to dismiss the prosecution with prejudice under subsection (2) of that statute.
In this case, the State did not file an information within 30 days of the date that the accused waived preliminary examination. Filing a motion for leave to file an information is not filing the information itself; a prosecution is commenced by filing an information, not by applying to file an information. Sections 46-11-101, MCA, and 46-11-201, MCA. Contrary to the State’s argument and the District Court’s ruling, the mandatoiy duty under § 46-11-203(1), MCA, to file an information within 30 days of the accused’s waiver of preliminary examination is not fulfilled by “substantial compliance” with the statute.
Moreover, the State did not demonstrate good cause for failing to file the information within the time required. As the State points out in its brief, “good cause” has been generally defined as a “substantial” or “legally sufficient” reason. State v. Rozzell (1971), 157 Mont. 443, 450, 486 P.2d 877, 881. It borders on the absurd to conclude that the State simply taking the steps necessary to commence the prosecution is a substantial or legally sufficient reason for not complying with the *135 statutory mandate to file the information within 30 days. Simply failing to comply with the statute can hardly constitute the good cause necessary to justify failing to comply with the statute. Presumably, if the legislature had deemed it sufficient for the State to file the paperwork necessary to commence the prosecution in district court within 30 days, rather than to actually commence the prosecution, § 46-11-203, MCA, would have so provided.
Under the circumstances here, Strobel was entitled to have the prosecution against her dismissed. In my view that dismissal should have, necessarily, been with prejudice, for to conclude otherwise would allow the State to simply file a new information and re-institute the prosecution with the result that the sanction prescribed by the legislature in § 46-11-203(2), MCA, would be meaningless. We presume that the legislature would not pass a meaningless statute. Mont. Contractors’ Ass’n, Inc. v. Dept. of Highways (1986), 220 Mont. 392, 395, 715 P.2d 1056, 1058.
Furthermore, subsection (2) requires, significantly, that the district court dismiss the “prosecution,” and not simply the document which commences the prosecution, i.e., the information. To “prosecute” an action is not merely to commence it, but includes following it to an ultimate conclusion. A “prosecution” is “[t]he continuous following up, through instrumentalities created by law, of a person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused.” Black’s Law Dictionary, 5th Ed. at page 1099. See also Rosebud County v. Flinn (1940), 109 Mont. 537, 541-42, 98 P.2d 330, 333-34; State v. Cardwell (1980), 187 Mont. 370, 374-75, 609 P.2d 1230, 1232-33, appeal after remand (1981), 191 Mont. 539, 625 P.2d 553. Again, the legislature’s mandate that if the information is not timely filed, the “prosecution” be dismissed, clearly contemplates that the entire criminal proceedings against the defendant be terminated with prejudice, if the statute is to have any meaning or purpose.
While this Court’s opinion is correct in stating that the methods of commencing a criminal prosecution under § 46-11-101, MCA, are in the alternative and that the defendant has no vested right to a particular procedure for determining probable cause or commencing a criminal prosecution, it is my opinion that once the 30 day clock begins to run by the accused’s waiver of preliminary examination in justice court, it is mandatory that the State, by whatever means it chooses under § 46-11-101, MCA, file an information in district court within the statutory time limit or, to demonstrate good cause why *136 that was not accomplished. Under such circumstances, whether the State files the information under subsection (2) of the statute or after leave of court under subsection (3) of § 46-11-101, MCA, is immaterial, as long as the information is filed within the 30 day period required by § 46-11-203(1), MCA.
Our conclusion that “Montana law would have permitted but did not require the county attorney to file, within thirty days of Strobel’s waiver of preliminary examination, ... without first seeking leave of court” is misleading. Section 46-11-203, MCA, is mandatory, not permissive. “[T]he prosecutor shall file within 30 days ... an information. ...” Section 46-11-203(1), MCA. “[T]he court shall dismiss the prosecution if an information is not filed within 30 days as required in subsection (1).” Section 46-11-203(2), MCA. (Emphasis added). True, the State could have sought leave of court and could have filed an information within the 30 days after the accused’s waiver of preliminary examination. It does not follow, however, that, once the 30 day clock began to run by the accused’s waiver of preliminary examination, the State could simply ignore its statutory obligation to file, let that time expire, and then obtain leave of court and file its information at a later date. The plain mandatory language of the statute simply does not permit such an interpretation.
Finally, while the record of the accused’s waiver of preliminary examination was not in the form of a written record, and while I agree with this Court that there should be a statutory requirement for such a record, there is nothing in this case to indicate that Strobel did not waive her right to preliminary examination by failing to request one on August 27th at her initial appearance injustice court. Apparently, the justice of the peace and the accused had no problem in reaching that conclusion.
The long and short of it is that in this case the State did not file an information within 30 days of Strobel’s waiver of preliminary examination injustice court as required by § 46-11-203(1), MCA; the State did not demonstrate good cause why it failed to do so as required by § 46-11-203(2), MCA; and, under such circumstances, the District Court was required, pursuant to § 46-11-203(2), MCA, to dismiss the prosecution — in my view, with prejudice.
Accordingly, I would reverse and remand for entry of an order dismissing the prosecution against Strobel with prejudice to the merits. From our failure to so hold, I respectfully dissent.
JUSTICE GRAY joins in the foregoing dissent.